VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY TABANDEH (Cal Bar No. 287583)
KOURTNEY SPEER (Cal. Bar No. 348243)
565 Commercial Street, 4th Fl.
San Francisco, California 94111
Telephone:   (415) 534-0495
Email:      greg.gilchrist@versolaw.com
            ryan.bricker@versolaw.com
            sophy.tabandeh@versolaw.com
            kourtney.speer@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>ENTREPRENEUR ENTERPRISES, INC. dba PATTIE GONIA PRODUCTIONS and WYN WILEY,<br><br>          Defendants. | Case No. 2:26-cv-0586<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**JURY TRIAL DEMAND** |

1

**INTRODUCTION**

2      Plaintiff Patagonia, Inc. ("Patagonia") brings this action against Entrepreneur

3   Enterprises dba Pattie Gonia Productions and its owner, Wyn Wiley (collectively,

4   "Pattie Gonia" or "Defendants"), in response to Defendants' recent trademark

5   application claiming the exclusive right to the brand PATTIE GONIA for, among

6   other things, apparel, online marketing services, promoting public awareness of and

7   motivational speaking services in support of environmental sustainability and

8   LGBTQIA2S+ equality, organizing community sporting and cultural events,

9   organizing, arranging, and conducting trail and hiking events, entertainment services

10  in the nature of live musical performances, and music recordings. These products

11  and services compete directly with the products and advocacy upon which Patagonia

12  built its PATAGONIA brand over the last fifty-three years. The trademark

13  application reflects Pattie Gonia's departure from discrete use of a persona to

14  engage in activism and confirms Defendants' intent instead to launch a wide-

15  ranging commercial enterprise under the PATTIE GONIA brand. This enterprise

16  contradicts Defendants' prior promises, and appropriates Patagonia's brand and

17  identity in a way that has already confused consumers, and will continue to confuse

18  consumers, about Patagonia's role in producing or sponsoring Pattie Gonia's

19  products, events and public appearances. Patagonia supports advocacy and activism

20  that promote the environment and inclusion in the outdoors, central to Pattie Gonia's

21  ostensible mission. For that reason, before Pattie Gonia's activities and identity

22  transformed into a commercial enterprise, Patagonia repeatedly communicated with

23  Pattie Gonia and understood that the parties had reached agreement about how that

24  advocacy work might continue in a way that would not interfere with Patagonia's

25  brand. Pattie Gonia has not honored the agreement, however, and now seeks

26  exclusive ownership of a PATTIE GONIA trademark to commercialize products,

27  endorsements, marketing campaigns, and advocacy. For all these reasons, Patagonia

28  must protect its iconic trademarks, even when it supports or agrees with Pattie

1   Gonia's views, message, or objectives.

2        Defendants' trademark application followed the launch of a commercial

3   website, pattiegoniamerch.com, in late 2024, selling "Pattie Gonia" branded apparel.

4   The website looks like this today:

5

6

7

8

9

10

11

12

13

14

    

   

15

16

17

18

19

20

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1
2
3

The examples below show the extent to which Pattie Gonia has associated the parties' brands, integrating Patagonia's logo and branding into the Pattie Gonia persona and related business enterprises:

4
5
6
7
8
9
10
11
12
13
14
15




16
17
18
19
20
21
22
23
24
25
26




27    //

28    //

Consumers are already confused about whether PATTIE GONIA is affiliated with Patagonia.  For example, consumers have made the following comments in response to PATTIE GONIA's social media posts:



Patagonia tried to work with Pattie Gonia to avoid this outcome.  In February 2022, when Hydroflask was discussing a collaboration with Pattie Gonia, Hydroflask contacted Patagonia to ensure Patagonia did not object to the proposed collaboration.  The parties met and discussed restrictions on the use of "Pattie Gonia" to protect against confusion about the source of products or advocacy connected to Pattie Gonia.  Pattie Gonia confirmed an understanding that she must refrain from selling PATTIE GONIA-branded products or using fonts or designs that copy, or are substantially similar to, Patagonia's logos.

Ultimately, Pattie Gonia ignored the agreement she had reached with Patagonia and began selling products under the PATTIE GONIA brand.  In early 2025, after seeing Pattie Gonia selling PATTIE GONIA-branded apparel on Pattie Gonia's pattiegoniamerch.com website, Patagonia again asked that Defendants stop

commercial use of the PATTIE GONIA name and abide by the 2022 understanding. Within several months, Pattie Gonia's actions confirmed that she did not intend to abide by the understanding the parties reached in February 2022. Pattie Gonia restocked a full line of PATTIE GONIA apparel and filed a trademark application, confirming Pattie Gonia's intention to secure rights in a competing and confusing brand, used to sell many of the same types of products and services that Patagonia has offered for decades.

Despite Patagonia's efforts to avoid this dispute, it is left with no choice but to seek relief from the Court due to Pattie Gonia's refusal to honor the parties' prior understandings, the commercialization of the PATTIE GONIA brand, the use of the brand on confusingly similar products and services, and Pattie Gonia's use of Patagonia's logos. To prevent further damage to consumers, Patagonia, and its brand, Patagonia further alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years. Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.    Defendant Entrepreneur Enterprises dba Pattie Gonia Productions is an Oregon corporation with its principal place of business in Bend, Oregon 97703. Pattie Gonia Productions applied on September 21, 2025, to register PATTIE GONIA as a trademark, Serial Number 99/404,728, in five classes: 009 (recorded music); 016 (stickers and posters); 025 (clothing); 035 (marketing services); and 041 (entertainment comprised of live music, performances, "motivational speaking services in the field of equality and environmentalism").

3.      Defendant Wyn Wiley ("Wiley") is, on information and belief, an individual residing in Bend, Oregon 97703.  Wiley is the founder and owner of Entrepreneur Enterprises dba Pattie Gonia Productions.  Wiley has developed, controlled and implemented the PATTIE GONIA "persona" and brand, and has personally directed the use of Patagonia's logos and branding.

4.      Entrepreneur Enterprises dba Pattie Gonia Productions and Wyn Wiley are collectively referenced in this Complaint as "Defendants" or "Pattie Gonia."

5.      Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

6.      This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district.  Pattie Gonia markets, sells, and ships products bearing the PATTIE GONIA trademark to residents in this district.  Pattie Gonia has performed under the PATTIE GONIA name in this district, including at the Bellwether Theater in Los Angeles in June 2025.  On information and belief, Pattie Gonia sold PATTIE GONIA-branded products to residents of this district in connection with such performances.  Pattie Gonia also filmed multiple episodes of the Go Gently television program in this district, including episodes in Los Angeles and Ventura, California.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Pattie Gonia infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

1

2

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Patagonia's History**

3

4

5

6

7

8

8.      Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

9

10

11

12

13

14

15

16

9.      In the fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including t-shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.  In 2012, Patagonia launched PATAGONIA PROVISIONS, a food business that promotes responsible sourcing and regenerative solutions in fisheries, agriculture, and land stewardship.

17

18

19

20

21

22

23

24

25

26

27

28

10.      As part of its longstanding commitment to the environment, Patagonia also produces books, films and educational awareness materials that are distributed through bookstores and theaters, in addition to its website and social media channels.  Patagonia has published books including *Tools for Grassroots Activists* (and a second edition, *Tools to Save Our Home Planet*), a guide for effective environmental advocacy; and *The Responsible Company*, which chronicles Patagonia's approach to responsible business practices and corporate citizenship. Patagonia's films include *Newtok*, documenting America's first climate-displaced community; *Public Trust*, which explores the fights over America's public lands; and *Artifishal*, which exposes the threats to river ecosystems from hatcheries and dams, and the impacts of open ocean fish farms.  Patagonia has also produced *Why Plastic?*, which investigates the apparel industry's dependence on plastics, as well

as *Damnation*, which highlighted the negative ecological and climate impacts of dams.

11.     To further engage its community in activism, Patagonia launched Patagonia Action Works in 2018, a platform to connect the hundreds of non-profits that receive grants from Patagonia each year (see more below) with our community of activists who are looking for a place to connect with events, donate their skills and money, and sign petitions.  Since the platform was launched, more than 500,000 people have provided over 2 million actions to 3,000 organizations.  In 2025, Patagonia co-founded Brands for Public Lands, which now includes 100 companies representing 62,000 employees across twenty-eight states and more than $19.9 billion in revenue, to amplify the voice of the outdoor industry against multiple attempts to roll back protections on federal public land.

12.     Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award," the UN Global Climate Action Award, and B Lab's "Best of the World" B Corp Award.

13.     In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began exclusively using organic cotton.  In 2017, Patagonia helped establish the Regenerative Organic Certified® program, a holistic agriculture certification encompassing pasture-based animal welfare, fairness for farmers and workers, and robust requirements for soil health and land management.  In Spring 2022, Patagonia released its first Regenerative Organic Certified® products.  Patagonia has also worked to remove virgin synthetic materials from its product line, and, as of 2025, 93% of the polyester in its products is recycled, while 89% of the nylon is recycled.  Beginning in 2025, all new Patagonia products are made without intentionally added PFAS.

14.     Patagonia was a founding member of the Fair Labor Association®,

which is an independent multi-stakeholder verification and training organization that audits apparel factories and now includes over 200 members.  In 2014, Patagonia began partnering with Fair Trade USA, through which Patagonia pays a premium that goes directly to factory employees making its products.  This year, 95% of Patagonia's product line was made in a Fair Trade Certified factory, impacting more than 85,000 people in Patagonia's supply chain.  Patagonia has paid $37 million in Fair Trade premiums to those making its products since the program began.

15.    Additionally, since 1985, Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $250 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% for the Planet® to encourage other businesses to do the same.  Today, 1% for the Planet® members have donated more than $820 million to as many as 4400 eligible organizations that are fighting climate change.

16.    In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  During its 2024 B Lab recertification, Patagonia obtained a B Impact Score of 166, more than triple the median score of businesses who complete the B Impact Assessment.

17.    In 2022, Patagonia's owners restructured the company by giving away all their stock to entities designed to do two things: put those assets to work fighting the climate crisis and protect the purpose and values of the company forever.  The new owners of the company became the Patagonia Purpose Trust, protecting the purpose and values of the company, and Holdfast Collective, putting the stock and future profits to work fighting the climate and ecological crisis.  Since this new structure was created, Holdfast Collective has committed more than $180 million toward projects fighting the climate and ecological crisis.

**Patagonia's Trademarks**

18. Patagonia owns numerous registrations for its distinctive PATAGONIA trademark and P-6 logo, covering a wide-ranging assortment of products (including all the products and services covered by Pattie Gonia's trademark application). Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| PATAGONIA.COM | 75577954 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| PATAGONIA | 6665425 / March 8, 2022 | Education and entertainment services, namely, organizing and conducting ambassador programs and related events in the nature of recreational activities and sporting events to drive positive social and environmental change for educational purposes; developing, arranging, and conducting educational conferences, programs and courses in the field of environmental issues and activism; providing panel discussions in the fields of environmental issues, climate change and regenerative agriculture; providing a website featuring information in the field of environmental education and non-downloadable videos in the field of environmental education and awareness; online web journal, namely, blogs in the fields of the environment, outdoor sports and activities, and technical equipment, gear and clothing relating to such activities | 12/1994 |
| PATAGONIA | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |
| **PATAGONIA** | 4210088 / Sept. 18, 2012 | Film and video production services; producing documentary films, videos, and web content on issues relating to the environment | 03/2000 |
| **PATAGONIA BOOKS** | 4416959 / Oct. 15, 2013 | Books primarily in the fields of biographies, discovering and appreciating nature, surfing, rock and mountain climbing and other sport/adventures, the environment, and business practices<br><br>Publishing of printed matter, books and electronic books; entertainment services, namely, providing information and commentary in the fields of authors, books, literary works and recommendations as to the same; providing a web site where users can post ratings, offer reviews and recommendations on literary works, books and printed matter | 12/2007 |
| **PATAGONIA FILMS** | 5915849 / Nov. 19, 2019 | Entertainment Services, namely, distributing and presentation of films and production and distribution of videos in the field of sports, current affairs, entertainment, lifestyle, politics, economics, government affairs, public policy, activism and environmental issues | 11/2016 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA STORIES** | 7308939 / Feb. 20, 2024 | Entertainment services, namely, providing podcasts in the field of environmental news, causes and activism; Entertainment and education services, namely, providing a website featuring information and non-downloadable articles about the environment and activism | 12/2022 |

These registrations for Patagonia's trademarks and logos are in full force and effect. The registrations (with the exception of Reg. No. 6665425) have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."

19.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

20.    For many years before any use of Pattie Gonia or Defendants' other related logos challenged in this complaint, Patagonia annually and continuously has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised and promoted through a variety of channels and media, including in print and on the Internet. In addition to advertising by Patagonia, the

PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous authorized retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts, in addition to media Patagonia earns from its commitment to environmental justice.

21.    Patagonia has sold its PATAGONIA brand products and distributed its PATAGONIA brand services all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership trying to minimize the environmental impact of its business, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high-quality products made by a responsible company.

**Defendants' Infringement of Patagonia's Rights**

22.    Contrary to Pattie Gonia's 2022 commitment to respect Patagonia's trademark rights, and notwithstanding Patagonia's objections and warnings, Pattie Gonia has adopted and used PATTIE GONIA – a nearly-identical copy of Patagonia's PATAGONIA word mark – to identify Defendants as the source of a wide range of products and services as outlined in Defendants' trademark applications, including apparel, online marketing services, promoting public awareness of and motivational speaking services in support of environmental sustainability and LGBTQIA2S+ equality, organizing community sporting and cultural events, organizing, arranging, and conducting trail and hiking events, entertainment services in the nature of live musical performances, and music recordings. These uses of the PATTIE GONIA brand inevitably imply to consumers that Patagonia has endorsed or authorized these products and services (as expected, confusion already has occurred), or that the products and services are the result of a collaboration between Patagonia and Pattie Gonia. The PATTIE

GONIA-branded products and services are referenced in this Complaint as Defendants' "Pattie Gonia Products."

23.    Examples of Pattie Gonia Products follow:







1
2
3
4
5
6
7
8





← FULL MUSIC LINEUP

**Pattie Gonia**

**Mural Stage**
Saturday, Aug 30th
9:30 PM - 10:45 PM

9
10
11
12
13
14
15
16

24.    While Defendants only recently have (a) commercialized PATTIE GONIA as a brand, (b) promoted PATTIE GONIA apparel releases (including through pattiegoniamerch.com), and (c) filed an application for trademark at the Patent and Trademark Office, Patagonia first addressed this potential conflict in February 2022 when it was raised by Hydroflask, which was then a potential Pattie Gonia collaborator.  At that time, as explained below, Patagonia shared concerns with Pattie Gonia and reached an understanding that Pattie Gonia would not commercialize the name as a brand.

17
18
19
20
21
22
23
24
25
26
27
28

25.    In early-2022, Patagonia learned that Pattie Gonia was planning fundraising partnerships with outdoor accessory and apparel companies, Hydroflask and The North Face, one of Patagonia's top competitors.  Hydroflask was concerned that Patagonia might view this type of promotional work under the PATTIE GONIA name as likely to confuse consumers about an association between Hydroflask and Patagonia.  Hydroflask consequently reached out to Patagonia to discuss the proposed collaboration.  All three parties met and Patagonia explained Patagonia's need to protect the PATAGONIA trademarks, including – while trying to leave space for Pattie Gonia's fundraising in support of environmental causes – requiring that PATTIE GONIA refrain from using the term as a brand or source indicator in any collaborations or commercial activities.

26.    At the conclusion of those discussions, Patagonia and Pattie Gonia

1    reached an understanding, memorialized in emails dated February 9, 2022; February

2    10, 2022, February 15, 2022; and February 16, 2022.  Those emails, with only some

3    personal identifying information redacted, are reproduced below:

4

5    *February 9, 2022 Email from Patagonia*:

6

7    **Subject:** Hydroflask / Pattie Gonia / Patagonia

8

9    Hi All,

10

11   Pattie, thank you for the call today I really appreciate the time and thoughtful conversation.

12   thank you for reaching out to us on this and for your patience as I worked through this on my end.  Also want
     to note that email is horrible for nuance and open conversation – so if there is anything in here that comes off

13   differently than our conversation Pattie, that is solely a failure in my drafting. Please let me know if something
     in here strikes you as different than our conversation and lets discuss it.

14

15

16   Patagonia has no objection to the relationship between Hydroflask and Pattie Gonia, in particular the work
     described in your email last week ████, but we do asks that the parties:

17       1.  Not use or otherwise display Patagonia's logos

18       2.  Not use the "belwe font" in the content that is created (Including an example here since ████
             asked about this when I called him this afternoon )

19       3.  Not use Pattie Gonia in any form on product

20

21   I hope the three points above give you a clear sense of where we are coming from, and give you confidence
     to move forward with your partnership and do great work together. If there are any questions as the work

22   progresses, please don't hesitate to reach out to me.

23

24   Gratefully,

25

26

27

28

COMPLAINT
CASE NO. 2:26-CV-0586                                                                - 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*February 10, 2022 Email from Pattie Gonia:*

**Subject:** Re: Hydroflask / Pattie Gonia / Patagonia

Robert,             thank you all so much for your handling of this issue and for including us in the discussion. We really appreciate each of you so much. Cannot wait to get things going! Super excited.

**Pattie Gonia / Wyn Wiley** (she/he/they)

Drag Queen, Professional Homosexual & Intersectional Environmentalist

**Jenny Dugan** (she/her)

Production Manager

*February 15, 2022 Email from Patagonia:*

Hi All,

One clarification/addition I should make to this regarding use of Patagonia's logos. Patagonia would ask that the parties not use Patagonia's logos *or any substantially similar designs* like the mask meme logo we discussed Pattie that used the mountain silhouette and belwe font. I think that additional language accurately reflects our conversations, and sorry for not being more clear in the first go at this. As before, I welcome any conversations/feedback. I just didn't want to leave my potential miscommunication hanging out there.

Best,

*February 16, 2022 Email from Pattie Gonia:*

**Subject:** Re: Hydroflask / Pattie Gonia / Patagonia

Thank you for the clarification Robert! Really appreciate it and keep note of it.

**Jenny Dugan** (she/her)
Production Manager
**Pattie Gonia / Wyn Wiley** (she/he/they)
Drag Queen, Professional Homosexual & Intersectional Environmentalist

COMPLAINT
CASE NO. 2:26-CV-0586

1    27.    Despite these communications, Patagonia is informed and believes that

2    Pattie Gonia registered the domain name, pattiegoniamerch.com, in September

3    2024.  Afterwards, Pattie Gonia posted silkscreened apparel products bearing the

4    PATTIE GONIA brand.



$48.00 USD                                    $48.00 USD

   

Pattie Gonia Hiking Club - Cream Print          Pattie Gonia Hiking Club - Green Print
$48.00 USD                                     $48.00 USD

20    28.    After discovering the PATTIE GONIA e-commerce store and related

21    Pattie Gonia Products (including apparel and stickers), Patagonia wrote to remind

22    Pattie Gonia of the parties' agreement in 2022 and to explore a resolution ensuring

23    that Pattie Gonia would adhere to those commitments.  Patagonia's email, sent

24    February 10, 2025, is reproduced below, along with Pattie Gonia's response, sent

25    February 14, 2025. Patagonia's follow up on March 12, 2025, to which it received

26    no response, is also reproduced below:

COMPLAINT
CASE NO. 2:26-CV-0586                                                           - 19 -

*February 10, 2025 Email from Patagonia:*

Dear Pattie:

      I hope you are well, it has been what feels like a few lifetimes since we spoke in 2022. I'm writing to you now because I saw the recent announcements about product sales of t-shirts featuring "Pattie Gonia" branding as well as more sales of the stickers including Patagonia's logo. I am writing, somewhat more formally this time, to stress again how important it is to Patagonia that Pattie Gonia maintain their identity as a persona, but not to use that persona in connection with commercial sales or advertising of products.  Trademark law requires Patagonia to affirmatively protect its trademarks against all potential infringement even where the company is aligned with the purpose and goals of Pattie Gonia the persona.

My takeaway from our conversation and email follow up from 2022 was that, while Patagonia admires the climate work Pattie does, Pattie would:

1. Not use or otherwise display Patagonia's logos or any substantially similar designs
2. Not use the "belwe font" in content supporting the sales
3. Not use Pattie Gonia in any form on product.

The examples I've seen from social media posts include products that implicate each one of these points that I thought we'd agreed upon.





Patagonia remains supportive of your work but must insist that the Pattie Gonia persona not be commercialized and continue to adhere to the commitments made in 2022. Unfortunately, these latest product sales force Patagonia's hand and so I'm asking that you discontinue sales of t-shirts and stickers (or any product) using Pattie Gonia branding or designs substantially similar to Patagonia's logos.

I hope we are able to work this out, so please call me if talking through this would be helpful.

Best,


*February 14, 2025 Email from Pattie Gonia:*

Hi Rob,

Pattie here with my business partner Jenny who you met on zoom. Thanks for the email and the concern. What you shared in your previous email was incorrect.

What we shared on our call 2022 was the following:

- 
- 
- Pattie Gonia the drag queen and environmentalist is inspired by a region
- in South America. It's wonderful that both Patagonia the brand and Pattie Gonia the drag queen are inspired by Patagonia's beauty.
- 
- 
- 
- We also shared that any and all references to the brand Patagonia font or
- brand logo in association to Pattie Gonia was done by a fan as fan art. We have never sold this fan art.
-

1    Bringing the conversation to today, the brand Patagonia's communication earlier this week was coincidental timing. We were actually just
2    about to reach out to the brand Patagonia! We wanted to let the brand know that, in light of what we are learning about Lost Arrow, we intend
     to avoid any perceived association with the brand Patagonia.

3    Lost Arrow, under the brand Patagonia's ownership, developed and sold tactical and military gear to the US government and police departments
     across the nation for years/decades? (bit blurry there as we're still fielding information from former employees). Beyond Lost Arrow's police &
     military business purpose, we are concerned about the clear cultural appropriation with the name "Lost Arrow." Furthermore, the quick sale of
4    the Lost Arrow division during the height Black Lives Matter does not absolve the brand Patagonia. We were inspired to do this research after
     hearing the words of Patagonia brand communications director <u>Corley Kenna in an interview with 'Your Public Value'</u> where she mentions -
     "the consumers are there to hold you responsible to think beyond profit." Consumers have yet to hold the brand Patagonia responsible for
5    NOT thinking beyond profit with the creation of Broken Arrow which supports the very people and institutions destroying the planet - the US
     military is, after all, the world's largest global polluter. It is a disconcerting fact for a company that claims to be "in business to save our home
     planet."
6
     From here:
7

8        •
         •   We will not utilize any references to the brand Patagonia's font and logo.
9        •
         •
10       •   Our upcycled t-shirts/sweatshirts and clothing merch is a moot point as we
         •   have never and will never reference the brand Patagonia's logo or brand. Fonts we use have been one of a kind custom text or
             purchased Kilimanjaro font. Furthermore, our merch is made out of clothing saved from landfills and screen printed with new designs.
11       •   However, per the brand Patagonia's consideration, and to make sure there is absolutely no brand association between Pattie Gonia
             and the brand Patagonia, we won't save any of the brand Patagonia's product we frequently find heading to landfills.
12       •

13   In summary: there's plenty of room for us to both play in this play box. We trust the brand Patagonia will stay on their side and we will stay
     on ours. There are far more benefits to the brand Patagonia if our relationship remains neutral.
14
     Lastly, we understand positionality here and know you're doing your job, likely reaching out at the request of senior leadership which you're
15   more than welcome to share with them. You communicated with kindness and grace and that is appreciated.

16   Phew, are you a bit tired? We are too! So, kicking work aside, if you or your family would ever like tickets to a Pattie Gonia show or some
     merch, we're happy to make that happen. Just say the word!

17   Pattie and Jenny

18

19

20   *March 12, 2025 Email from Patagonia:*

21

22   Hi Pattie and Jenny,

23   Apologies this has taken some time to respond. I agree with you that we all benefit if our relationship remains at least neutral. Recognizing that my
     legal lens has its limits, I'm adding Jonathan Carmona and Corley Kenna to the conversation since Whitney is no longer at the company. Jonathan is our
     Director of Global Justice and Belonging. Corley is our Chief Impact & Communications Officer who you quoted in your note. Hopefully, among this
24   group we can find a productive way forward.

25   We are genuinely interested in at least having a neutral relationship, in particular at a moment when the threats to public lands are so acute. And we are
     happy to discuss Patagonia's government business that was discontinued three years ago. If you think there are valid criticisms of the company about
     that business, then by all means share that with your community.

26   We do, however, seem to have different understandings of where we left things related to Patagonia's trademarks when this last came up. Is there a time
     next week that you'd be available to talk with us to see if we can find a way forward?

27

28

     COMPLAINT
     CASE NO. 2:26-CV-0586                                                                                                    - 22 -

29.    While Pattie Gonia's response stated that "clothing merch is a moot point," Pattie Gonia has restocked the Pattie Gonia Products at the pattiegoniamerch.com e-commerce store and has released additional products and PATTIE GONIA-branded content.  Pattie Gonia also began using the PATTIE GONIA brand to promote a tour of theaters and arenas.  Pattie Gonia continues to use and display Patagonia's logos.

30.    Defendant Entrepreneur Enterprises, dba Pattie Gonia Productions formally confirmed the intention to commercialize the PATTIE GONIA brand, contrary to the parties' 2022 understanding, by filing an application, Serial Number 99/404,728, to register PATTIE GONIA as a trademark for a wide array of goods and services, many of which already are provided by Patagonia.

31.    Contradicting Pattie Gonia's representation that she "will not utilize any references to the brand Patagonia's font and logo," Pattie Gonia celebrated a milestone number of Instagram followers on October 5, 2025, by displaying the copycat PATTIE GONIA logo on gloves, replicating Patagonia's famous P-6 logo:



32.     On November 22, 2025, Pattie Gonia attended an event hosted by *Out Magazine*.  At this event, Pattie Gonia wore an outfit made from the Transgender Pride Flag featuring a replica of Patagonia's famous P-6 logo with the PATTIE GONIA trademark:



33.     In a Ted Talk address, Pattie Gonia exclaimed that many members of the audience were wearing "my merch."  She then proceeded to announce that "Patagonia vests are indeed very TED drag."



34. The PATTIE GONIA trademark is nearly identical to the PATAGONIA word mark. The logo on which Pattie Gonia has displayed the PATTIE GONIA trademark is nearly identical to Patagonia's P-6 logo. The full range of Defendants' Pattie Gonia Products includes products and services that are identical to and compete directly with Patagonia's products and services.

35. Pattie Gonia's use of the PATTIE GONIA trademark and promotion and sale of the Pattie Gonia Products already has caused confusion and will cause a likelihood of additional confusion among consumers regarding the source of Pattie Gonia's products, or whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with Pattie Gonia.

36. Pattie Gonia began using the PATTIE GONIA trademark long after the PATAGONIA trademarks became famous. The PATTIE GONIA trademark and Pattie Gonia Products are likely to dilute Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Pattie Gonia's further use of the PATTIE GONIA trademark and related designs.

37. Pattie Gonia's transformation into a commercial enterprise is not the first that Patagonia has had to stop in order to protect its brand. These range from parties who, for example, have misused Patagonia's goodwill to sell products or services under FRATAGONIA, CATAGONIA, and PETAGONIA designations to others offering PETROGONIA, and GATAGONIA merchandise. Protection of Patagonia's brand requires action whether the brand or logo has been misappropriated by supporters of the oil industry, para-military organizations, or supporters of Patagonia's own core initiatives. Just a few examples are shown below of others' similar infringements that, if unabated, would cause the same kind of harm to Patagonia's brand as Pattie Gonia's enterprise:

//









38.    Given Pattie Gonia's failure to follow through on the limitations the parties had discussed, working instead to develop and own trademarks for a PATTIE GONIA enterprise, Patagonia believes that Pattie Gonia will not stop compromising Patagonia's famous brand unless Defendants are restrained by the Court.

39.    While Patagonia seeks only nominal monetary damages, the harm Pattie Gonia has caused and will cause to the PATAGONIA brand is irreparable and cannot be remedied by money damages or other remedies short of an injunction. Unless Pattie Gonia is restrained by the Court, Pattie Gonia will continue expanding

and causing harms by, among other things:

a.    Depriving Patagonia of control over how and to what purpose its trademark is used;

b.    Confusing and deceiving consumers about who is producing, sponsoring, or authoring the Pattie Gonia Products;

c.    Causing the public to falsely associate Patagonia with Pattie Gonia and/or the Pattie Gonia Products;

d.    Causing the public falsely to believe Patagonia has collaborated with Pattie Gonia or about the Pattie Gonia Products;

e.    Irreparably harming Patagonia's goodwill and compromising the capacity of Patagonia's famous PATAGONIA trademarks to differentiate its products from those that others have created;

f.    Irreparably harming Patagonia's licensing and collaboration programs, and its ability to control its brand partnerships and associate itself with selected partners who are specifically aligned to Patagonia's company mission; and

40.    For all these reasons, Patagonia is entitled to injunctive relief against Pattie Gonia and to an order directing the USPTO to refuse registration of the PATTIE GONIA trademark, in all classes covered by Serial Number 99/404,728.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

41.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42.    Pattie Gonia has used, in connection with the sale, offering for sale, distribution, or advertising of its products bearing the PATTIE GONIA trademark, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.  Pattie Gonia also has applied for a trademark registration that, if the registration were

1   allowed, would involve use of the PATTIE GONIA trademark on goods and

2   services that would infringe Patagonia's rights in its registered marks.

3       43.    These acts of trademark infringement are likely to cause confusion,

4   mistake, or deception, and are in violation of 15 U.S.C. § 1114.

5       44.    As a direct and proximate result of Pattie Gonia's conduct, Patagonia is

6   entitled to recover nominal damages in the amount of one dollar ($1.00) and an

7   award of attorneys' fees under 15 U.S.C. § 1117(a).

8       45.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

9   that requires Pattie Gonia to stop (i) use of the PATTIE GONIA trademark and any

10  other mark or design similar to the PATAGONIA trademarks, (ii) any further action

11  in pursuit of Defendants' trademark application, and (iii) to a directive to the

12  USPTO that the application must be refused.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

16      46.    Patagonia realleges and incorporates by reference each of the

17  allegations contained in paragraphs 1 through 45 of this Complaint.

18      47.    Pattie Gonia's conduct as alleged in this Complaint constitutes the use

19  of symbols or devices tending falsely to describe the Pattie Gonia Products, within

20  the meaning of 15 U.S.C. § 1125(a)(1).  Pattie Gonia's conduct is likely to cause

21  confusion, mistake, or deception by or in the public as to the affiliation, connection,

22  association, origin, sponsorship, or approval of the Pattie Gonia Products to the

23  detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).  Pattie Gonia also

24  has applied for a trademark registration that, if the registration were allowed, would

25  involve use of the PATTIE GONIA trademark on goods and services in a manner

26  that would likely cause relevant consumer confusion about the source of Pattie

27  Gonia's goods or an association or affiliation between Patagonia and Pattie Gonia.

28      48.    As a direct and proximate result of Pattie Gonia's conduct, Patagonia is

1  entitled to recover nominal damages of one dollar ($1.00), and an award of

2  attorneys' fees under 15 U.S.C. § 1117(a).

3          49.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

4  that requires Pattie Gonia to stop (i) use of the PATTIE GONIA trademark and any

5  other mark or design similar to the PATAGONIA trademarks, (ii) any further action

6  in pursuit of Defendants' trademark application, and (iii) to a directive to the

7  USPTO that the application must be refused.

8                          **THIRD CLAIM**

9                  **FEDERAL DILUTION OF FAMOUS MARK**

10      **(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

11         50.     Patagonia realleges and incorporates by reference each of the

12  allegations contained in paragraphs 1 through 49 of this Complaint.

13         51.     Patagonia's PATAGONIA trademark is distinctive and famous within

14  the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c),

15  and was famous prior to Pattie Gonia's adoption of the nearly identical PATTIE

16  GONIA trademark.

17         52.     Pattie Gonia's conduct and trademark application is likely to dilute

18  Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation

19  of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

20         53.     As a direct and proximate result of Pattie Gonia's conduct, Patagonia

21  is entitled to recover nominal damages of one dollar ($1.00), and an award of

22  attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

23         54.     Patagonia is entitled under 15 U.S.C. §§ 1116(a) and 1125(c) to an

24  injunction that requires Pattie Gonia to stop (i) use of the PATTIE GONIA

25  trademark and any other mark or design similar to the PATAGONIA trademarks,

26  (ii) any further action in pursuit of Defendants' trademark application, and (iii) to a

27  directive to the USPTO that the application must be refused.

28

COMPLAINT
CASE NO. 2:26-CV-0586

1
2
3
4
5

## FOURTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

### (Cal. Bus. & Prof. Code §§ 14200 *et seq.*;

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

6   55.    Patagonia realleges and incorporates by reference each of the

7   allegations contained in paragraphs 1 through 54 of this Complaint.

8   56.    Patagonia is the owner of numerous registrations for the PATAGONIA

9   trademarks, as well as common law rights in those marks.

10   57.    Pattie Gonia is using and has applied to register a trademark that

11   infringes upon Patagonia's PATAGONIA trademarks without the consent of

12   Patagonia and in connection with the sale, offering for sale, distribution, or

13   advertising of the Pattie Gonia Products.

14   58.    Pattie Gonia's infringement of Patagonia's PATAGONIA trademarks is

15   likely to cause confusion, mistake, and deception as to the source of the origin of

16   Pattie Gonia's offerings.

17   59.    Pattie Gonia uses the PATTIE GONIA trademark to enhance the

18   commercial value of Pattie Gonia's offerings.

19   60.    Pattie Gonia's acts violate Patagonia's trademark rights under

20   California Business & Professions Code §§14245 *et seq.*

21   61.    Pattie Gonia's conduct as alleged in this Complaint also constitutes

22   "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive,

23   untrue or misleading advertising" within the meaning of California Business &

24   Professions Code §§ 17200 *et seq.*

25   62.    Patagonia is entitled to nominal monetary damages of one dollar

26   ($1.00) and an injunction requiring Pattie Gonia to stop (i) use of the PATTIE

27   GONIA trademark and any other mark or design similar to the PATAGONIA

28   trademarks, (ii) any further action in pursuit of Defendants' trademark application,

1 and (iii) to a directive to the USPTO that the application must be refused.

2    63.    Without injunctive relief, Patagonia has no means by which to control

3 the continuing injury to its reputation and goodwill or that of its PATAGONIA

4 trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

5 amount of money damages can adequately compensate Patagonia if it loses the

6 ability to control its marks.

7                              **FIFTH CLAIM**

8          **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

9                       **(Cal. Bus. & Prof. Code § 14247)**

10    64.    Patagonia realleges and incorporates by reference each of the

11 allegations contained in paragraphs 1 through 63 of this Complaint.

12    65.    Patagonia owns valid and protectable rights in its PATAGONIA

13 trademarks.

14    66.    The PATAGONIA trademarks – registered marks in the state of

15 California – are distinctive and famous within the meaning of the California Model

16 State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that they are household

17 brands in California, and were famous prior to Pattie Gonia's adoption of the

18 PATTIE GONIA trademark.

19    67.    Pattie Gonia's acts and trademark application are likely to dilute the

20 distinctive quality of the PATAGONIA trademarks.  Pattie Gonia's acts therefore

21 constitute trademark dilution under California Business & Professions Code

22 § 14247, the analogous statutes of other states, and under California common law.

23    68.    Patagonia is entitled to nominal monetary damages and of one dollar

24 ($1.00) and an injunction requiring Pattie Gonia to stop (i) use of the PATTIE

25 GONIA trademark and any other mark or design similar to the PATAGONIA

26 trademarks, (ii) any further action in pursuit of Defendants' trademark application,

27 and (iii) to a directive to the USPTO that the application must be refused.

28    69.    Without injunctive relief, Patagonia has no means by which to control

the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

## SIXTH CLAIM
## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

70.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 69 of this Complaint.

71.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

72.    Pattie Gonia's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Pattie Gonia, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

73.    Pattie Gonia infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

74.    Unless restrained and enjoined, the conduct of Pattie Gonia will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

75.    Patagonia is entitled to nominal monetary damages of one dollar ($1.00) and an injunction (i) requiring Pattie Gonia to stop using PATTIE GONIA as a trademark and any other mark or design similar to the PATAGONIA trademarks, (ii) requiring Pattie Gonia to refrain from any further action in pursuit of Defendants' trademark application, and (iii) directing the USPTO that the trademark application must be refused.

76.    Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the

1    ability to control its marks.

2    **PRAYER FOR JUDGMENT**

3    WHEREFORE, Patagonia prays that this Court grant it the following relief:

4    1.    Adjudge that Defendants have infringed the PATAGONIA trademarks

5    in violation of Patagonia's rights under 15 U.S.C. § 1114;

6    2.    Adjudge that Defendants have infringed the PATAGONIA trademarks

7    in violation of California statutory law;

8    3.    Adjudge that Defendants have infringed Patagonia's common law

9    rights in the PATAGONIA trademarks;

10    4.    Adjudge that, if Defendants' trademark application were allowed to

11    register, the goods and services Pattie Gonia sells under the mark infringe

12    Patagonia's statutory and common law trademark rights;

13    5.    Adjudge that Defendants have competed unfairly with Patagonia in

14    violation of Patagonia's rights under 15 U.S.C. § 1125(a);

15    6.    Adjudge that Defendants have competed unfairly with Patagonia in

16    violation of California statutory law;

17    7.    Adjudge that Defendants' activities and trademark application, if

18    registered, are likely to dilute Patagonia's famous PATAGONIA trademarks in

19    violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

20    8.    Adjudge that Defendants and their agents, employees, attorneys,

21    successors, assigns, affiliates, and joint venturers, and any person(s) in active

22    concert or participation with them, and/or any person(s) acting for, with, by, through

23    or under them, be enjoined and restrained at first during the pendency of this action

24    and thereafter permanently from:

25    a.    Manufacturing, producing, sourcing, importing, selling, offering

26    for sale, distributing, advertising, or promoting any goods or services that display

27    any words or symbols that so resemble the PATAGONIA trademarks as to be likely

28    to cause confusion, mistake, or deception, on or in connection with any product that

1   is not authorized by or for Patagonia, including, without limitation, any product or

2   service that bears the PATTIE GONIA trademark, or any other approximation of

3   Patagonia's trademarks;

4           b.      Using any word, term, name, symbol, device, or combination

5   that causes or is likely to cause confusion, mistake, or deception as to the affiliation

6   or association of Defendants or their offerings with Patagonia, or as to the origin of

7   Defendants' offerings, or any false designation of origin, false or misleading

8   description or representation of fact, or any false or misleading advertising, or likely

9   dilution of the PATAGONIA trademark;

10          c.      Further infringing the rights of Patagonia in and to its

11  PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business

12  reputation;

13          d.      Further diluting the famous PATAGONIA trademarks;

14          e.      Otherwise competing unfairly with Patagonia in any manner; and

15          f.      Continuing to perform in any manner whatsoever any of the

16  other acts complained of in this Complaint;

17      9.      Order that registration of Application Serial Number 99/404,728 must

18  be refused, and/or that any registration resulting from the application must be

19  cancelled, and address its certified order to the USPTO, Office of the Solicitor, Mail

20  Stop 8, Director of the USPTO, P.O. Box 1450, Alexandria, Virginia 22313;

21      10.     Adjudge that Defendants are prohibited from applying to register any

22  trademark or service mark which is likely to be confused with, or that dilutes the

23  distinctive quality of, Patagonia's PATAGONIA trademarks;

24      11.     Adjudge that Defendants be required immediately to deliver to

25  Patagonia's counsel their inventory of infringing products, including without

26  limitation, patches and any other products, packaging, labeling, advertising and

27  promotional material, that are in their possession or subject to their control and that

28  infringe Patagonia's trademarks as alleged in this Complaint;

1        12.    Adjudge that Defendants, within thirty (30) days after service of the

2    Court's judgment, be required to file with this Court and serve upon Patagonia's

3    counsel a written report under oath setting forth in detail how Defendants have

4    complied with the judgment and injunction;

5        13.    Adjudge that Patagonia recover from Defendants nominal damages in

6    the amount of one dollar ($1.00);

7        14.    Adjudge that Patagonia be awarded its costs and disbursements

8    incurred in connection with this action, including Patagonia's reasonable attorneys'

9    fees and investigative expenses; and

10        15.    Adjudge that all such other relief be awarded to Patagonia as this Court

11    deems just and proper.

12

13    DATED:  January 21, 2026    Respectfully submitted,

14        VERSO LAW GROUP LLP

15

16        By:   */s/ Gregory S. Gilchrist*
    GREGORY S. GILCHRIST

17        RYAN BRICKER
    SOPHY TABANDEH

18        KOURTNEY SPEER

19        Attorneys for Plaintiff
    PATAGONIA, INC.

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Patagonia, Inc. demands that this action be tried to a jury.

3

4    DATED:  January 21, 2026          Respectfully submitted,

5                                       VERSO LAW GROUP LLP

6

7                                       By:  */s/ Gregory S. Gilchrist*

8                                            GREGORY S. GILCHRIST
                                             RYAN BRICKER
9                                            SOPHY TABANDEH
                                             KOURTNEY SPEER
10
                                        Attorneys for Plaintiff
11                                      PATAGONIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
CASE NO. 2:26-CV-0586                                          - 36 -