Katherine McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
Alyssa Kaufman (SBN 357724)
akaufman@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc and Wyn Wiley*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATAGONIA, INC. <br><br> Plaintiff, <br><br> v. <br><br> ENTREPRENEUR ENTERPRISES, INC and WYN WILEY, <br><br> Defendants. | CASE NO. 2:26-cv-00586-RGK-RAO <br><br> DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Entrepreneur Enterprises, Inc and Wyn Wiley, ("Defendants" or "Pattie Gonia") hereby file this Answer to the Complaint filed by Plaintiff Patagonia, Inc. ("Plaintiff" or "Patagonia"). Defendants have adopted the headings found in the Complaint for ease of reference. However, to the extent that such headings themselves contain factual or legal statements, allegations, or characterizations, Defendants deny those statements, allegations, or characterizations. Defendants respond as follows:

### INTRODUCTION

Defendants admit to filing a trademark application as further described below. To the extent that the Introduction contains any other factual or legal statements, allegations, or characterizations, Defendants deny those statements, allegations, or characterizations, or lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

### PARTIES, JURISDICTION, AND VENUE

1. In response to Paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny the same.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Entrepreneur Enterprises, Inc is a corporation organized and existing under the laws of the State of Oregon with a principal place of business located in Bend, Oregon 97703. Defendants admit that Entrepreneur Enterprises, Inc applied on September 21, 2025 to register PATTIE GONIA as a trademark in five classes and that trademark application was assigned Serial Number 99/404,728. Defendants deny the remaining allegations of Paragraph 2.

3. In response to Paragraph 3 of the Complaint, Defendants admit that Wyn Wiley resides in Bend, Oregon 97703 and is the founder and owner of Entrepreneur Enterprises, Inc. Defendants admit Wiley has developed, controlled and implemented the Pattie Gonia "persona." Defendants deny the remaining allegations of Paragraph 3.

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

4. In response to Paragraph 4 of the Complaint, Defendants state that this paragraph contains only statements to which no response is required. To the extent a response is required, Defendants admit they were collectively referred to as "Defendants" or "Pattie Gonia" in the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendants admit the Complaint purports to allege claims giving rise to federal question jurisdiction under 15 U.S.C. §§ 1051, 28 U.S.C. §§ 1338(a) and 1338(b), 28 U.S.C. § 1331 and 15 U.S.C. § 1121 and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367(a) and 28 U.S.C. § 1332, but Defendants do not admit the truth of the allegations. Defendants further answer that the remainder of this paragraph contains only legal conclusions to which no response is required. To the extent any response is required, Defendants deny the remaining allegations of Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants admit that this Court has personal jurisdiction over Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore deny the same.

7. In response to Paragraph 7 of the Complaint, Defendants admit that venue is proper. Defendants deny the remaining allegations of Paragraph 7.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. In response to Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore deny the same.

9. In response to Paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore deny the same.

10. In response to Paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore deny the same.

11.     In response to Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore deny the same.

12.     In response to Paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore deny the same.

13.     In response to Paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny the same.

14.     In response to Paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15.     In response to Paragraph 15 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

16.     In response to Paragraph 16 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore deny the same.

17.     In response to Paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore deny the same.

18.     In response to Paragraph 18 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore deny the same.

19.     In response to Paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore deny the same.

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

20.	In response to Paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore deny the same.

21.	In response to Paragraph 21 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore deny the same.

22.	In response to Paragraph 22 of the Complaint, Defendants admit that Entrepreneur Enterprises, Inc. filed a trademark application at the United States Patent and Trademark Office for PATTIE GONIA. Defendants deny the remaining allegations in Paragraph 22.

23.	In response to Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore deny the same.

24.	In response to Paragraph 24 of the Complaint, Defendants admit that Entrepreneur Enterprises, Inc filed a trademark application at the United States Patent and Trademark Office for PATTIE GONIA. Defendants deny the remaining allegations in Paragraph 24.

25.	In response to Paragraph 25 of the Complaint, Defendants admit meeting with Patagonia and Hydroflask during early-2022. Defendants deny the remaining allegations in Paragraph 25.

26.	In response to Paragraph 26 of the Complaint, Defendants admit to communication between Defendants and Patagonia on February 9, 2022, February 10, 2022, February 15, 2022, and February 16, 2022 regarding the Defendants' partnership with Hydroflask. Defendants deny the remaining allegations in Paragraph 26.

27.	In response to Paragraph 27 of the Complaint, Defendants admit the domain name pattiegoniamerch.com was registered in September 2024 by Defendants and that silkscreened apparel products bearing PATTIE GONIA were posted on the

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

website at pattiegoniamerch.com. Defendants deny the remaining allegations in Paragraph 27.

28.    In response to Paragraph 28 of the Complaint, Defendants admit to communication between Defendants and Patagonia on February 10, 2025, February 14, 2025, and March 12, 2025. Defendants deny the remaining allegations in Paragraph 28.

29.    In response to Paragraph 29 of the Complaint, Defendants admit to stating "clothing merch is a moot point." Defendants admit to selling merchandise on pattiegoniamerch.com. Defendants admit to promoting entertainment services. Defendants deny the remaining allegations in Paragraph 29.

30.    In response to Paragraph 30 of the Complaint, Defendants admit that Entrepreneur Enterprises, Inc filed a trademark application, Serial Number 99/404,728, to register PATTIE GONIA for certain goods and services. Defendants deny the remaining allegations in Paragraph 30.

31.    In response to Paragraph 31 of the Complaint, Defendants admit Pattie Gonia celebrated a milestone number of Instagram followers on October 5, 2025. Defendants deny the remaining allegations in Paragraph 31.

32.    In response to Paragraph 32 of the Complaint, Defendants admit Pattie Gonia attended an event hosted by Out Magazine and wore an outfit made from the Transgender Pride Flag. Defendants deny the remaining allegations in Paragraph 32.

33.    In response to Paragraph 33 of the Complaint, Defendants admit Pattie Gonia attended a Ted Talk and stated many members of the audience were wearing "my merch" and that "Patagonia vests are indeed very TED drag." Defendants deny the remaining allegations in Paragraph 33.

34.    In response to Paragraph 34 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore deny the same.

35.    In response to Paragraph 35 of the Complaint, Defendants deny any allegations contained in Paragraph 35.

36. In response to Paragraph 36 of the Complaint, Defendants deny that any of their actions are likely to dilute any marks owned by Patagonia. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and therefore deny the same.

37. In response to Paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore deny the same.

38. In response to Paragraph 38 of the Complaint, Defendants deny any allegations contained in Paragraph 38.

39. In response to Paragraph 39 of the Complaint, Defendants deny any allegations contained in Paragraph 39.

40. In response to Paragraph 40 of the Complaint, Defendants deny any allegations contained in Paragraph 40.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

41. In response to Paragraph 41 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

42. In response to Paragraph 42 of the Complaint, Defendants deny any allegations contained in Paragraph 42.

43. In response to Paragraph 43 of the Complaint, Defendants deny any allegations contained in Paragraph 43.

44. In response to Paragraph 44 of the Complaint, Defendants deny any allegations contained in Paragraph 44.

45. In response to Paragraph 45 of the Complaint, Defendants deny any allegations contained in Paragraph 45.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

46.     In response to Paragraph 46 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

47.     In response to Paragraph 47 of the Complaint, Defendants deny any allegations contained in Paragraph 47.

48.     In response to Paragraph 48 of the Complaint, Defendants deny any allegations contained in Paragraph 48.

49.     In response to Paragraph 49 of the Complaint, Defendants deny any allegations contained in Paragraph 49.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

## (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

50.     In response to Paragraph 50 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

51.     In response to Paragraph 51 of the Complaint, Defendants deny any allegations contained in Paragraph 51.

52.     In response to Paragraph 52 of the Complaint, Defendants deny any allegations contained in Paragraph 52.

53.     In response to Paragraph 53 of the Complaint, Defendants deny any allegations contained in Paragraph 53.

54.     In response to Paragraph 54 of the Complaint, Defendants deny any allegations contained in Paragraph 54.

## FOURTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER

## CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 et seq.; Cal. Bus. & Prof. Code §§ 17200 et seq.)**

55.     In response to Paragraph 55 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

56.     In response to Paragraph 56 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore deny the same.

57.     In response to Paragraph 57 of the Complaint, Defendants deny any allegations contained in Paragraph 57.

58.     In response to Paragraph 58 of the Complaint, Defendants deny any allegations contained in Paragraph 58.

59.     In response to Paragraph 59 of the Complaint, Defendants deny any allegations contained in Paragraph 59.

60.     In response to Paragraph 60 of the Complaint, Defendants deny any allegations contained in Paragraph 60.

61.     In response to Paragraph 61 of the Complaint, Defendants deny any allegations contained in Paragraph 61.

62.     In response to Paragraph 62 of the Complaint, Defendants deny any allegations contained in Paragraph 62.

63.     In response to Paragraph 63 of the Complaint, Defendants deny any allegations contained in Paragraph 63.

## FIFTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

64.     In response to Paragraph 64 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

65.     In response to Paragraph 65 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore deny the same.

66.     In response to Paragraph 66 of the Complaint, Defendants deny any allegations contained in Paragraph 66.

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

67. In response to Paragraph 67 of the Complaint, Defendants deny any allegations contained in Paragraph 67.

68. In response to Paragraph 68 of the Complaint, Defendants deny any allegations contained in Paragraph 68.

69. In response to Paragraph 69 of the Complaint, Defendants deny any allegations contained in Paragraph 69.

## SIXTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

70. In response to Paragraph 70 of the Complaint, Defendants incorporate their answers to each of the prior paragraphs.

71. In response to Paragraph 71 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore deny the same.

72. In response to Paragraph 72 of the Complaint, Defendants deny any allegations contained in Paragraph 72.

73. In response to Paragraph 73 of the Complaint, Defendants deny any allegations contained in Paragraph 73.

74. In response to Paragraph 74 of the Complaint, Defendants deny any allegations contained in Paragraph 74.

75. In response to Paragraph 75 of the Complaint, Defendants deny any allegations contained in Paragraph 75.

76. In response to Paragraph 76 of the Complaint, Defendants deny any allegations contained in Paragraph 76.

## <u>RESPONSE TO PRAYER FOR JUDGMENT</u>

77. In response to the Paragraph of the Complaint titled "Prayer for Judgment," Defendants deny that Plaintiff is entitled to any of the relief for which it prays in this Paragraph, and deny that Plaintiff is entitled to any relief whatsoever. Defendants further answer that this Paragraph states legal conclusions to which no

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendants deny those allegations of this Paragraph. Defendants deny any and all remaining allegations of the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendants list their Affirmative Defenses below. Defendants' investigation of their defenses is continuing, and Defendants expressly reserve the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. One or more of Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to support a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Plaintiff Lacks a Valid Trademark)

2. Plaintiff's claims are barred, in whole or in part, because one or more of the asserted Patagonia trademarks are not protectable, valid, and/or enforceable.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity of Trademark – Non-Distinctive)

3. Plaintiff's claims are barred, in whole or in part, because one or more of the asserted Patagonia trademarks are not distinctive. It is not distinctive pursuant to 15 U.S.C. § 1052(f).

### FOURTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

4. Plaintiff's claims are barred, in whole or in part, because Defendants' products and/or entertainment services are not likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff as to the origin, sponsorship or approval of Defendants' products by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver, Laches, Acquiescence, Estoppel, or Unclean Hands)

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, estoppel, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Mark is Not Famous)

6. Plaintiff's claims are barred, in whole or in part, because one or more of the asserted Patagonia trademarks have not acquired fame pursuant to 15 U.S.C. § 1125(c).

### SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

7. Plaintiff's claims are barred, in whole or in part, under the doctrine of fair use.

### EIGTH AFFIRMATIVE DEFENSE

### (Superseding / Intervening Acts of Others)

8. Plaintiff's claims are barred, in whole or in part, because any incidents alleged and any damages complained of in the Complaint were caused by the superseding and/or intervening acts of parties other than Defendants, and over whom Defendants have no right or ability to control.

### NINTH AFFIRMATIVE DEFENSE

### (First Amendment)

9. Plaintiff's claims are barred, in whole or in part, by the First Amendment of the U.S. Constitution as well as pursuant to *Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989).

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.    Plaintiff has suffered no damages, and even it did, its claims are barred, in whole or in part, because it failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

11.    Plaintiff's claims are barred, in whole or in part, because Defendants' alleged actions were undertaken in good faith, were reasonable, and/or were innocent.

## TWELTH AFFIRMATIVE DEFENSE

### (Reservation)

12.    Defendants reserve all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or equity, that may now exist or in the future be available based on discovery and other factual investigation in this case.

13.    Defendants reserve the right to amend this Response to assert other defenses as this action proceeds.

14.    Defendants deny each and every allegation in Plaintiff's Complaint except as expressly admitted or qualified above. Defendants pray that the Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of Defendants and against Plaintiff, and that the Court award Defendants such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request:

1.    That Plaintiff takes nothing by way of its Complaint;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.    That Defendants be granted their reasonable attorneys' fees, costs, and expenses; and

4.    That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Defendants demand a jury trial on all issues triable by a jury.

ANSWER
Case No. 2:26-cv-00586-RGK-RAO

Dated: April 29, 2026            By:    */s/ Katherine McMorrow*
                                        Katherine McMorrow (SBN 315723)
                                        kmcmorrow@bakerlaw.com
                                        Alyssa Kaufman (SBN 357724)
                                        akaufman@bakerlaw.com
                                        BAKER & HOSTETLER LLP
                                        1900 Avenue of the Stars, Suite 2700
                                        Los Angeles, CA 90067
                                        Telephone: (310) 820-8800
                                        Facsimile: (310) 820-8859

                                        *Attorneys for Defendants*
                                        *Entrepreneur Enterprises, Inc and Wyn*
                                        *Wiley*

ANSWER
Case No. 2:26-cv-00586-RGK-RAO