GREGORY S. GILCHRIST (Cal. Bar. No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
KOURTNEY SPEER (Cal. Bar No. 348243)
VERSO LAW GROUP LLP
565 Commercial Street, 4th Fl.
San Francisco, CA 94111
Telephone: (415) 534-0495
Email:      greg.gilchrist@versolaw.com
            ryan.bricker@versolaw.com
            sophy.tabandeh@versolaw.com
            kourtney.speer@versolaw.com

*Attorneys for Plaintiff*
*Patagonia, Inc.*

KATHERINE MCMORROW (Cal. Bar No. 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

ROCCO J. SCRENCI (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc. dba Pattie Gonia*
*Productions and Wyn Wiley*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATAGONIA, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>ENTREPRENEUR ENTERPRISES, INC., et al.,<br><br>        Defendants. | Case No.: 2:26-cv-00586-RGK-RAO<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:        June 8, 2026<br>Time:        9:00 a.m.<br>Location:    Crtrm. 850, 8th Floor<br>Judge:       Hon. R. Gary Klausner |

Plaintiff Patagonia, Inc. ("Patagonia") and Defendants Entrepreneur Enterprises, Inc. dba Pattie Gonia Productions and Wyn Wiley ("Defendants") jointly submit this Joint Rule 26(F) report.

## 1. Nature and Basis of the Parties' Claims and Defenses

**Patagonia's Position:** Patagonia brought this action against Defendants after Defendants announced that they would pursue a commercial enterprise under a PATTIE GONIA brand, as demonstrated by their filing of a trademark application covering a wide range of products and services including apparel; online marketing services; entertainment services in the nature of live musical performances; and music recordings; promoting public awareness of and motivational speaking services in support of environmental sustainability and LGBTQIA2S+ equality; and organizing community sporting and cultural events. These products and services (among others offered by Defendants under a PATTIE GONIA brand) compete directly with the products and services upon which Patagonia built its famous PATAGONIA brand over the last fifty-three years. Defendants' trademark application followed the launch of a commercial website, pattiegoniamerch.com, in late 2024, selling "Pattie Gonia" branded apparel.

The launch of the e-commerce storefront and the filing trademark application reflect Defendants' intent to develop a wide-ranging commercial enterprise under a PATTIE GONIA brand—a nearly-identical copy of Patagonia's famous PATAGONIA brand. In 2022, when a water bottle company brought a planned joint environmental initiative with Pattie Gonia to Patagonia's attention, Patagonia agreed not to interfere provided that PATTIE GONIA did not appear on any products and that Pattie Gonia did not use any Patagonia logos. While Pattie Gonia and their partner abided by these commitments for that initiative, they since have ignored these limitations. They started selling PATTIE GONIA merchandise, began promoting competitive products and brands and reinforced the improper connection between Patagonia and Pattie Gonia by sending out thank you packages that included stickers of Patagonia's logo with PATTIE GONIA branding superimposed on it.

The present day commercial enterprise contradicts Defendants' prior promises, and appropriates Patagonia's brand and identity in a way that has already confused consumers, and will continue to confuse consumers, about Patagonia's role in producing or sponsoring Pattie Gonia's products, for-profit collaborations, events, and public appearances. The confusion is compounded by the fact that Defendants have associated the parties' brands, integrating Patagonia's logo and branding into the Pattie Gonia persona and related business enterprises.

To protect its brand and associated goodwill, Patagonia has asserted claims for trademark infringement, unfair competition, and dilution under the Lanham Act and California law. While Patagonia seeks only nominal monetary damages, it requests injunctive relief against Defendants and an order directing the USPTO to refuse registration of Defendants' trademark application for the PATTIE GONIA mark (Serial No. 99/404,728).

**Defendants' Position:** In 2018, Defendant Wyn Wiley created a drag persona—"Pattie Gonia," an homage to the Patagonia region in South America named by Magellan 500 years earlier—while on a hiking trip with friends. This persona became an overnight sensation on social-media platforms, amassing over 30,000 Instagram followers in just one month. But Wiley did not waste this newfound attention. An avid environmentalist and member of the LGBTQ+ community, Wiley leveraged Pattie Gonia's fame to bring attention to causes he cares about: Environmentalism, LGBTQ+ rights, and equality. To this end, Pattie Gonia has, among other things, starred in documentaries and music videos to help support environmental causes, hosted hikes and community-building events for LGBTQ+ youth and adults, and co-founded a non-profit organization dedicated to educating a new generation of outdoorists to become allies for the planet. Some of these activities began as early as 2018. More recently, in 2025, Defendants applied for a PATTIE GONIA trademark. This action was not the first step in creating a "a wide-ranging commercial enterprise," but a response to fears over facing a similar situation to a fellow drag queen who had her stage name stolen from her.

Defendants respectfully submit that Plaintiff's claims fail for several reasons. First, Plaintiff will not be able to show that Defendants' use of "Pattie Gonia" is likely to cause confusion with Plaintiff's brand. No reasonable consumer is likely to confuse Patagonia's clothing brand with the limited merchandise offerings of a touring drag queen/artist. Second, many of the alleged infringing activities, particularly in relation to drag performances and drag outfits, are protected under the First Amendment, as satire, and/or as fair use. Third, Plaintiff will not be able to show that its marks are famous. Even if Plaintiff's marks were famous, Plaintiff cannot show that Defendants adopted Plaintiff's marks after those marks became famous or that its marks—which are named after a geographic region—are susceptible to dilution by blurring. Fourth, Plaintiff's claims are barred under the equitable doctrines of waiver, laches, estoppel, acquiescence, and/or unclear hands. For years, Plaintiff did not object to Defendants' collaboration with The North Face, "one of Patagonia's top competitors." And in 2022, Patagonia expressly permitted Wiley to use "Pattie Gonia" to strike agreements with for-profit partners, provided that Wiley did not place "Pattie Gonia" on any product with third-party partners or use Patagonia's logo and/or the "belwe" font on said products. Patagonia cannot show that Defendants exceeded those permissions. Nor did Patagonia object when Wiley founded Defendant Entrepreneur Enterprises, Inc.—an Oregon Corporation used in connection with Pattie Gonia's commercial endeavors—in 2022.  Indeed, the only alleged use of Patagonia's logo relates to drag costumes protected under the First Amendment, as satire, and/or as fair use, and on fan-made stickers that Defendants have never sold. What's more, Plaintiff has promoted Pattie Gonia's advocacy on its own website and in other media—not only allowing, but encouraging use of the Pattie Gonia name and persona, and trading on Defendants' goodwill.

Plaintiff's conduct since Pattie Gonia's inception also undermines any assertion of irreparable harm relating to Pattie Gonia's for-profit partnerships or non-profit advocacy. Again, there is no likelihood of confusion. Further, as to merchandise, Defendants have no plans to create more merchandise bearing "Pattie Gonia," and the online website has

been renamed to "pattiemerch.com." Enjoining Defendants from engaging in activities they have undertaken for years with Patagonia's knowledge and permission—and, in some cases, Patagonia's *praise*—would cause serious harm to Defendants by making it impossible for Defendants to fund their advocacy and charitable work. For similar reasons, an injunction is against the public interest: enjoining use of "Pattie Gonia" would not only cause third parties to suffer by forcing Defendants to breach existing contracts, but it would effectively dismantle Wyn Wiley's beloved and famous drag persona along with a community of over 600 artists and advocates that have raised over $3.7 million for nonprofits.

## 2.    Complexity of the Case

This is not a complex case and the parties do not propose incorporating or applying specific procedures from the Manual for Complex Litigation.

## 3.    Motion Schedule

Both parties anticipate filing a dispositive or partially dispositive motion and propose January 29, 2027 as the cut-off date by which to file dispositive or partially dispositive motions.

## 4.    ADR Selection

The parties engaged in extensive settlement discussions but were ultimately unable to reach a resolution. In light of these recent efforts, the parties do not believe ADR at this stage is likely to be productive. The parties intend to conduct discovery before participating in a private dispute resolution proceeding. The parties request a deadline to complete ADR on April 16, 2027, which is forty-five days before the proposed Final Pretrial Conference as required under Local Rule 16-15.2.

## 5.    Trial Estimate

The parties have requested a jury trial.  The parties estimate the trial will require approximately five (5) days, and neither party believes bifurcation is necessary.

## 6.    Additional Parties

The parties do not anticipate adding additional parties to the case at this time.

## 7.    Expert Witnesses

Several issues in the case likely will warrant expert testimony, including (without limitation, and without waiving either party's right to challenge admissibility of expert testimony on the following subjects): (a) whether Defendants' use of the PATTIE GONIA causes consumer confusion as to the source of Defendants' products or services or the relationship between the parties; (b) whether Defendants' brand dilutes Patagonia's trademarks; and (c) the degree to which Plaintiff's trademarks have acquired fame, if at all. The parties' proposals for the timing of expert disclosures and rebuttal expert disclosures are noted in Section 9 below.

## 8.    Discovery Plan

The parties do not propose any changes to the discovery limits in Fed. R. Civ. P. 26(f), or any phases to the discovery process. All parties have issued litigation holds and taken steps to preserve evidence, including electronically stored information. The parties expect to agree on a form of production for documents and electronically stored information. The parties are also meeting and conferring about entry of a protective order.

The parties have not yet identified all subjects on which they may need to conduct discovery on in this action and reserve their rights to pursue discovery on other subjects as this action proceeds.

**Patagonia's Position:** Patagonia intends to conduct discovery into various subject matters, including (a) Defendants' awareness of Patagonia's trademarks and intellectual property rights; (b) Defendants' alleged intent to trade on Patagonia's goodwill and reputation; (c) Defendants' use and intended used of the PATTIE GONIA mark and other marks and designs similar to Patagonia's trademarks; (d) evidence of consumer confusion; and (d) Defendants' trademark application for the PATTIE GONIA mark, including the basis for Defendants' decision to seek registration for a broad range of goods and services.

**Defendant's Position:** Defendants intend to conduct discovery into various subject

matters, including at least (a) Patagonia's awareness of Defendant's use of "Pattie Gonia"; (b) Patagonia's use and plans for use of its trademarks, including the date of first use, whether said use has been continuous, the goods and services with which Patagonia's trademarks have been used, the marketing and sales channels used in connection with Patagonia's trademarks, and Patagonia's target and actual consumers; (c) the likelihood of consumer confusion between the marks or lack thereof, including evidence of any alleged consumer confusion or the lack of any actual consumer confusion; (d) Patagonia's waiver, laches, acquiescence, estoppel, and unclean hands in relation to the asserted claims; (e) Patagonia's investments into its trademark portfolio, including Patagonia's marketing/advertising activities; (f) the fame, if any, of Patagonia's trademarks; (g) evidence of any diminished distinctiveness of Patagonia's allegedly famous trademarks; (h) the invalidity and lack of enforceability of Patagonia's trademarks; (i) Patagonia's past enforcement or lack thereof of its trademarks;  (j) Patagonia's trademark filings and prosecution history; and (k) any other matters relevant to any of the Parties' claims and/or defenses.

### 9. Schedule

Proposed dates for discovery cutoff, expert disclosures, filing of dispositive and *Daubert* motions, pretrial conference, and trial:

| Matter | Patagonia's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| **Trial Date (Tuesday) Estimated Duration: 5 days** | Patagonia has requested a jury trial and proposes trial begin on June 22, 2027 | Agree | |
| **Pretrial Conf., L.R. 16; Hearing on motions in limine** | May 31, 2027 | Agree | |
| **Deadline to complete ADR** | April 16, 2027 | Agree | |

| Matter | Patagonia's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| **Deadline to file dispositive or partially dispositive motions and *Daubert* motions** | January 29, 2027 | Agree | |
| **Close of expert discovery** | January 15, 2027 | Agree | |
| **Expert disclosure (rebuttal)** | December 18, 2026 | Agree | |
| **Expert disclosure (initial)** | December 3, 2026 | Agree | |
| **Close of fact discovery** | November 20, 2026 | Agree | |

Respectfully submitted,

Dated:  June 1, 2026

VERSO LAW GROUP LLP


By: */s/ Gregory S. Gilchrist*
Gregory S. Gilchrist
Ryan Bricker
Sophy J. Tabandeh
Kourtney Speer

*Attorneys for Plaintiff*
*Patagonia, Inc.*

BAKER & HOSTETLER LLP and
MCANDREWS, HELD & MALLOY LTD.


By: */s/ Rocco J. Screnci*
Katherine McMorrow
Rocco J. Screnci *(admitted pro hac vice)*


*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc. and Wyn Wiley*


## SIGNATURE ATTESTATION

I attest that concurrence in the filing of this document has been obtained from each of the other signatories, which will serve in lieu of their signatures on the document.


Dated: June 1, 2026

*/s/ Gregory S. Gilchrist*
Gregory S. Gilchrist