# EXHIBIT 29

KATHERINE MCMORROW (Cal. Bar No. 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

ROCCO J. SCRENCI (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc. dba Pattie Gonia Productions and Wyn Wiley*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION – LOS ANGELES**

| | | |
|---|---|---|
| PATAGONIA, INC., | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-0586-RGK-RAO |
| v. | ) | |
| ENTREPRENEUR ENTERPRISES, INC. et al., | ) | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION OF ENTREPRENEUR ENTERPRISES, INC.** |
| Defendants. | ) | |

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Entrepreneur Enterprise dba Pattie Gonia Productions ("Entrepreneur Enterprises" or "Defendant") hereby object and respond as follows to the topics for examination ("Topics") listed in Plaintiff Patagonia, Inc.'s ("Patagonia's") Notice of Deposition of 30(b)(6) Deposition of Entrepreneur Enterprises, Inc. ("Notice"), dated September 24, 2026.

## GENERAL OBJECTIONS

The General Objections in this section apply to each of Patagonia's Topics, regardless of whether these objections are specifically restated in Entrepreneur Enterprises's specific responses below.

1. Entrepreneur Enterprises objects to the date and time noticed for this deposition. Entrepreneur Enterprises will meet and confer with Patagonia to arrange mutually agreeable date(s) and time(s) for the depositions of Entrepreneur Enterprises's designated witness(es).

2. To the extent that Patagonia intends to depose individual witnesses whom Entrepreneur Enterprises designates in response to the Notice, Entrepreneur Enterprises objects to providing those witnesses for deposition more than once.

3. Entrepreneur Enterprises will testify in response to the deposition topics set forth in the Notice as Entrepreneur Enterprises reasonably interprets and understands the topics. If Patagonia subsequently asserts an interpretation of any deposition topic that differs from Entrepreneur Enterprises's understanding, Entrepreneur Enterprises reserves the right to supplement the objections and responses herein.

4. Any witness Entrepreneur Enterprises designates to testify on its behalf in response to this Notice will testify based on Entrepreneur Enterprises's good-faith efforts to conduct a reasonable and diligent search for responsive information and will testify without prejudice to Entrepreneur Enterprises's right to produce or rely on subsequently discovered information. Entrepreneur Enterprises specifically reserves

the right to make any use of, or to introduce at any hearing or trial, information that falls within the scope of the topics but is discovered subsequent to the deposition(s).

5. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent it seeks testimony such that preparing a witness would place an undue burden on Entrepreneur Enterprises not commensurate with the relevance of the information sought to the claims and defenses in this action.

6. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their responses to these Topics.

7. Entrepreneur Enterprises objects to each of Patagonia's Topics set forth in the Notice to the extent that they seek information that is unreasonably cumulative or duplicative of any other discovery requests currently pending or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

8. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent that they seek information already within Patagonia's possession, custody, or control, or that is equally available from public sources.

9. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent that it is overbroad, unduly burdensome, not proportional to the needs of the case, or not relevant to any claim or defense.

10. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent that it assumes the existence of facts that do not exist and the occurrence of events that did not take place and to the extent that it asserts legal arguments or characterizations. Any response by Entrepreneur Enterprises to a specific Topic is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the request is true or accurate.

11. Some of Patagonia's Topics are specifically objected to as being vague and ambiguous because they do not describe with reasonable particularity the information

sought. Because the scope of those Topics is in question, those Topics are overbroad and unduly burdensome and improperly call for information that is irrelevant to any claim or defense in this proceeding.

12. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. *See, e.g.*, *McKesson Info. Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR, tr. at 21 (D. Del. Aug. 2, 2005) ("If you ask for depositions concerning the basis for a defense, that [should be] a contention interrogatory.").

13. Entrepreneur Enterprises objects to each of Patagonia's Topics and to Patagonia's "DEFINITIONS" to the extent they purport to impose a different or greater burden on Entrepreneur Enterprises in responding than is allowed or required by the Federal Rules of Civil Procedure, the rules and orders of this Court, and applicable case law. To the extent that Entrepreneur Enterprises is required to present a witness concerning Patagonia's Topics, Entrepreneur Enterprises will do so in accordance with the Federal Rules of Civil Procedure, the rules and orders of this Court, and applicable case law.

14. Entrepreneur Enterprises objects to each of Patagonia's "DEFINITIONS" to the extent that it seeks to alter the plain meaning of a particular Topic. Entrepreneur Enterprises will respond to the Topics as they are written.

15. Entrepreneur Enterprises objects to Patagonia's definitions of "YOU," "YOUR," and "YOURS" as overbroad, unduly burdensome, not proportional to the needs of the case, and as requesting documents and information that are not in Entrepreneur Enterprises's possession, custody, or control, at least because these definitions include entities that have no relation to the present litigation. Entrepreneur Enterprises will interpret "YOU," "YOUR," and "YOURS" to refer to Entrepreneur Enterprises Inc. dba Pattie Gonia Productions in responding to these Topics.

16. Entrepreneur Enterprises objects to Patagonia's definitions of "PATAGONIA" as overbroad, unduly burdensome, and not proportional to the needs

of the case at least because this definition includes entities that have no relation to the present litigation and are vaguely identified. For example, the definition purports to include unnamed entities such as "affiliates" of Patagonia, and "any person or entity, past or present, acting on its behalf," when the identity of Patagonia's affiliates and those acting on behalf of Patagonia is known to Patagonia but not to Entrepreneur Enterprises. Entrepreneur Enterprises will interpret "PATAGONIA" to refer only to Patagonia, Inc. in responding to these Topics.

17. Entrepreneur Enterprises further objects to the use of "BANDED SKY DESIGN" insofar as it purports to equate the images identified in the Complaint with Patagonia's logo and/or marks.

18. Entrepreneur Enterprises objects to Patagonia's definition of "CONCERNING" as overbroad, unduly burdensome, unintelligible, and, in some cases, contradictory. Entrepreneur Enterprises will ascribe to these terms their ordinary meanings in responding to these Topics.

19. Entrepreneur Enterprises objects to the proposed date and time of the deposition set forth in the Notice, and if Entrepreneur Enterprises provides a witness, or witnesses, Entrepreneur Enterprises will do so at the date and time agreed to by the parties.

20. Entrepreneur Enterprises objects to each of Patagonia's Topics to the extent it seeks testimony such that preparing a witness would place an undue burden on Entrepreneur Enterprises not commensurate with the relevance of the information sought to the claims and defenses in this action.

Subject to and without waiving these General Objections and the more specific objections set forth below, Entrepreneur Enterprises responds as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**

**TOPIC NO. 1:**

Conception, selection, creation, adoption, and use of the PATTIE GONIA NAME and PATTIE GONIA MARK, including but not limited to any intended meaning of or associations with the name.

**RESPONSE TO TOPIC NO. 1:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every potentially responsive "adoption" and "use." Entrepreneur Enterprises further objects to the use of the phrases "intended meaning of" and "associations with" as vague, ambiguous, overbroad, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 2:**

Conception, selection, creation, adoption, and use of the BANDED SKY DESIGN, including but not limited to any intended meaning of or associations with the design.

**RESPONSE TO TOPIC NO. 2:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as

overbroad, unduly burdensome, not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every potentially responsive "adoption" and "use" without limitation, including without limitation as to timeframe. Entrepreneur Enterprises further objects to the use of the phrases "intended meaning of" and "associations with" as vague, ambiguous, overbroad, and lacking reasonable particularity. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information in the possession, custody, or control of another person or entity.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information reasonably known or available to Entrepreneur Enterprises concerning the selection, adoption, and use of what Patagonia has defined as the BANDED SKY DESIGN. Questions concerning the conception and creation of what Patagonia has defined as the BANDED SKY DESIGN is more appropriately directed to Will Mattox and/or Seriously Stickers.

**<u>TOPIC NO. 3:</u>**

Any intent or efforts by YOU to associate yourself, the PATTIE GONIA NAME, the PATTIE GONIA MARK, the PATTIE GONIA persona, or YOUR goods or services with PATAGONIA, the PATAGONIA MARKS, the PATAGONIA brand, or PATAGONIA's reputation, goodwill, products, or services.

**<u>RESPONSE TO TOPIC NO. 3:</u>**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises

further objects to this Topic as assuming the existence of facts that do not exist and the occurrence of events that did not take place.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information concerning Entrepreneur Enterprises' interactions with Patagonia; public statements, including social media posts, referring to Patagonia and/or Patagonia's reputation, goodwill, products, or services; and Entrepreneur Enterprises' involvement with 1% for the Planet.

**TOPIC NO. 4:**

The creation, design, production, and sale of goods, services, merchandise, or material bearing the PATTIE GONIA NAME and PATTIE GONIA MARK, including but not limited to YOUR first-use DATE in connection with each good, service, merchandise, and material.

**RESPONSE TO TOPIC NO. 4:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding the creation, design, production, and sale of goods, services, merchandise, or material bearing the PATTIE GONIA NAME and PATTIE GONIA MARK reasonably known or available to Entrepreneur Enterprises. Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding the first-use date of the PATTIE GONIA NAME and PATTIE GONIA MARK to the extent reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 5:**

YOUR creation, design, production, and sale of goods, services, merchandise, or material bearing the BANDED SKY DESIGN, including but not limited to YOUR first-use DATE in connection with each good, service, merchandise, and material.

**RESPONSE TO TOPIC NO. 5:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information concerning the creation, design, and production of goods and materials bearing what Patagonia has defined as the BANDED SKY DESIGN to the extent said information is reasonably known or available to Entrepreneur Enterprises. Entrepreneur Enterprises further states that goods, services, merchandise, or material bearing the BANDED SKY DESIGN have not been sold to the best of Entrepreneur Enterprises' knowledge.

**<u>TOPIC NO. 6:</u>**

YOUR plans to expand YOUR use of the PATTIE GONIA NAME, PATTIE GONIA MARK, and BANDED SKY DESIGN in connection with goods, services, merchandise, give-a-ways, and any other materials.

**<u>RESPONSE TO TOPIC NO. 6:</u>**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as vague, ambiguous, overbroad, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as assuming the existence of facts that do not exist.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding the intended future use of the PATTIE GONIA NAME and PATTIE GONIA MARK that is reasonably known or available to Entrepreneur Enterprises.

**<u>TOPIC NO. 7:</u>**

YOUR TRADEMARK application(s) for the PATTIE GONIA MARK, INCLUDING but not limited to any assessment(s) related to YOUR attempt to register the MARK and the decision to seek registration for each of the goods and services identified in the pending TRADEMARK application (U.S. Ser. No. 99/404,728).

**RESPONSE TO TOPIC NO. 7:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises does not agree to provide a witness to testify regarding their contentions and legal positions in this action.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information Entrepreneur Enterprises' decision to seek trademark protection.

**TOPIC NO. 8:**

The marketing, advertising, promotion, distribution, offering, and sales of products, services, and merchandise in connection with the PATTIE GONIA NAME and PATTIE GONIA MARK.

**RESPONSE TO TOPIC NO. 8:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as vague, ambiguous, overbroad, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive

information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 9:**

The marketing, advertising, promotion, distribution, offering, and sales of products, services, and merchandise in connection with the BANDED SKY DESIGN.

**RESPONSE TO TOPIC NO. 9:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that the phrase "in connection with" is vague, undefined, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises cannot provide a designee, or designees, reasonably prepared to testify regarding non-privileged information responsive to this Topic because materials bearing what Patagonia has

defined as the BANDED SKY DESIGN have not been sold or offered for sale by Entrepreneur Enterprises.

**TOPIC NO. 10:**

YOUR decision to include "Vote the Assholes Out" in certain posts or imagery.

**RESPONSE TO TOPIC NO. 10:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 11:**

The channels in which YOU have marketed, promoted, offered, and distributed products, services, and merchandise in connection with the PATTIE GONIA NAME and PATTIE GONIA MARK.

**RESPONSE TO TOPIC NO. 11:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 12:**

The channels in which YOU have marketed, promoted, offered, and distributed products, services, and merchandise in connection with the BANDED SKY DESIGN.

**RESPONSE TO TOPIC NO. 12:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that the phrase "in connection with" is vague, undefined, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding instances in which stickers bearing the design Patagonia has defined as the BANDED SKY DESIGN were given away. Entrepreneur Enterprises further states that it is aware of no other information responsive to this Topic and therefore cannot designate a witness to testify concerning other matters within the scope of this topic.

**TOPIC NO. 13:**

YOUR actual and projected revenues, profits, costs, and expenses, broken down by each good and services, on a monthly and yearly basis.

**RESPONSE TO TOPIC NO. 13:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall all "actual and projected revenues, profits, costs, and expenses, broken down by each good and services, on a monthly and yearly basis" without limitation. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 14:**

YOUR actual and projected advertising, marketing, or promotional expenditures.

**RESPONSE TO TOPIC NO. 14:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall

every aspect of the requested "actual and projected advertising, marketing, or promotional expenditures" without limitation, including without limitation as to timeframe. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 15:**

Customer recognition, perception, and association CONCERNING the PATTIE GONIA NAME and PATTIE GONIA MARK.

**RESPONSE TO TOPIC NO. 15:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent it seeks information not in Entrepreneur Enterprises's possession, custody or control.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 16:**

Customer recognition, perception, and association CONCERNING the BANDED SKY DESIGN.

**RESPONSE TO TOPIC NO. 16:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent it seeks information not in Entrepreneur Enterprises's possession, custody or control.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: The information reasonably known or available to Entrepreneur Enterprises that is responsive to this Topic is encompassed by one or more preceding topics and therefore Entrepreneur Enterprises will not provide a separate designee for this Topic.

**TOPIC NO. 17:**

YOUR knowledge of PATAGONIA, the PATAGONIA MARKS, and the PATAGONIA brand.

**RESPONSE TO TOPIC NO. 17:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged

information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 18:**

YOUR COMMUNICATIONS with or about PATAGONIA.

**RESPONSE TO TOPIC NO. 18:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information that is in Patagonia's possession or is publicly available.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 19:**

YOUR COMMUNICATIONS with Robert Tadlock regarding the PATAGONIA MARKS and PATAGONIA brand, any understandings or agreements reached between the parties, and any steps YOU took in response to these COMMUNICATIONS or to comply with such understandings or agreements.

**RESPONSE TO TOPIC NO. 19:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises

further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises does not agree to provide a witness to testify regarding their contentions and legal positions in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information that is in Patagonia's possession or is publicly available.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 20:**

YOUR agreements with third parties CONCERNING the marketing, promotion, and offering of goods and services and YOUR COMMUNICATIONS CONCERNING those agreements.

**RESPONSE TO TOPIC NO. 20:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every potentially responsive "COMMUNICATIONS." Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 21:**

YOUR COMMUNICATIONS about this LAWSUIT.

**RESPONSE TO TOPIC NO. 21:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises does not agree to provide a witness to testify regarding their contentions and legal positions in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information that is in Patagonia's possession.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 22:**

YOUR public statements referencing PATAGONIA or this LAWSUIT.

**RESPONSE TO TOPIC NO. 22:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia's possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 23:**

Public appearances, social media posts, and other public COMMUNICATIONS or publications in which DEFENDANTS wore, displayed, featured, mentioned, or otherwise referenced PATAGONIA, the PATAGONIA MARKS, the PATAGONIA brand, or PATAGONIA's goods and services.

**RESPONSE TO TOPIC NO. 23:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any

applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as improper under Federal Rule of Civil Procedure 30(b)(6) insofar as this Topic demands that a witness be prepared concerning matters properly directed to Wyn Wiley in his personal capacity. Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia's possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 24:**

Any inquiries or comments suggesting or asking about any connection, collaboration, or affiliation of any type between YOU and PATAGONIA, the PATAGONIA MARKS, or the PATAGONIA brand, or YOUR GOODS AND SERVICES and PATAGONIA's goods and services.

**RESPONSE TO TOPIC NO. 24:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information in the possession, custody, or control of another person or entity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this

Topic as assuming the existence of facts that do not exist and the occurrence of events that did not take place.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding instances reasonably known or available to Entrepreneur Enterprises in which individuals have commented about the lack of affiliation between Entrepreneur Enterprises and Patagonia. Entrepreneur Enterprises further states that it is unaware of further responsive information within the scope of this Topic and therefore cannot designate a witness to testify regarding that information.

**TOPIC NO. 25:**

Attempts by YOU to enforce any alleged rights in the PATTIE GONIA NAME, PATTIE GONIA MARK, and BANDED SKY DESIGN.

**RESPONSE TO TOPIC NO. 25:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as assuming the existence of facts that do not exist and the occurrence of events that did not take place.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises is aware of no non-privilege information responsive to this Topic and therefore will not provide a designee, or designees, reasonably prepared to testify regarding this Topic.

**TOPIC NO. 26:**

Nonprofit organizations for which YOU raised, received, collected, or solicited funds, INCLUDING: (a) the total amount of funds raised, received, or collected in

connection with each nonprofit organization or fundraising effort; (b) the amount distributed to each nonprofit organization and the amount retained, received, or otherwise used by YOU or YOUR employees, officers, or directors; (c) the disposition and use of all funds raised, received, or collected; (d) the PERSONS involved in determining how such funds would be allocated, distributed, retained, or used, and the process, methodology, criteria, and decisionmaking underlying those determinations; and (e) any public statements, representations, or disclosures CONCERNING the amount or percentage of funds that would be donated, distributed, retained, or used, INCLUDING whether and how the actual disposition of funds corresponded with those statements, representations, or disclosures..

**RESPONSE TO TOPIC NO. 26:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia’s possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates

Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**<u>TOPIC NO. 27:</u>**

DEFENDANTS' Ted Talk.

**<u>RESPONSE TO TOPIC NO. 27:</u>**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as vague, ambiguous, overbroad, and lacking reasonable particularity. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic insofar as this Topic encompasses information concerning Wyn Wiley's personal knowledge and is therefore not proper under Federal Rule of Civil Procedure 30(b)(6). Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia's possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic that is reasonably known or available to Entrepreneur Enterprises.

**<u>TOPIC NO. 28:</u>**

DEFENDANTS' participation, connection, association, and/or membership with 1% of the Planet.

**<u>RESPONSE TO TOPIC NO. 28:</u>**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the

extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic insofar as this Topic encompasses information concerning Wyn Wiley's personal knowledge and is therefore not proper under Federal Rule of Civil Procedure 30(b)(6). Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia's possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 29:**

The factual basis, supporting evidence, and underlying grounds for each affirmative defense asserted by YOU in this LAWSUIT.

**RESPONSE TO TOPIC NO. 29:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises does not agree to provide a witness to testify regarding their contentions and legal positions in this action. Entrepreneur Enterprises further objects to this Topic as seeking information that is in Patagonia's possession or is available from public sources.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged factual information responsive to this Topic reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 30:**

YOUR belief that PATAGONIA would not challenge YOUR use of the PATTIE GONIA NAME and PATTIE GONIA MARK, INCLUDING but not limited to any reliance on such belief.

**RESPONSE TO TOPIC NO. 30:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises does not agree to provide a witness to testify regarding their contentions and legal positions in this action.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 31:**

YOUR actual and target customer or audience, INCLUDING but not limited to the demographic information, topics of interest or activities, or other criteria that describes the target audience or customers for goods and services under the PATTIE GONIA NAME and PATTIE GONIA MARK.

**RESPONSE TO TOPIC NO. 31:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information obtainable through document requests, interrogatories, or another source that is more convenient, less burdensome, or less expensive than a deposition. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic reasonably known or available to Entrepreneur Enterprises.

**TOPIC NO. 32:**

YOUR responses to PATAGONIA's DISCOVERY REQUESTS.

**RESPONSE TO TOPIC NO. 32:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it

seeks information subject to the attorney-client privilege, attorney work product doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks testimony on Entrepreneur Enterprises's contentions or legal positions. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information that is in Patagonia's possession.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Wyn Wiley as the witness reasonably prepared to testify regarding non-privileged factual information reasonably known or available to Entrepreneur Enterprises regarding its Interrogatory responses, excluding Interrogatory No. 2, its responses to Patagonia's Requests for Admission, excluding Request Nos. 1-14, and 150, and its responses to Patagonia's Requests for Production insofar as those Requests do not relate to Topics for which Jennifer Dugan has been designated as a witness herein. Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged factual information reasonably known or available to Entrepreneur Enterprises regarding all other matters within this Topic.

**TOPIC NO. 33:**

YOUR search, collection, and production of DOCUMENTS and Electronically Stored Information in this LAWSUIT.

**RESPONSE TO TOPIC NO. 33:**

Entrepreneur Enterprises hereby incorporates each of its General Objections as if set forth verbatim herein. Entrepreneur Enterprises further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require a witness to prepare on and recall every aspect of the requested information, without access to the responsive information produced, or to be produced, in this action. Entrepreneur Enterprises further objects to this Topic to the extent that it seeks information subject to the attorney-client privilege, attorney work product

doctrine, or any other privilege. Entrepreneur Enterprises does not agree to waive any applicable privilege by their response to this Topic.

Subject to and without waiving their general and specific objections, Entrepreneur Enterprises responds as follows: Entrepreneur Enterprises designates Jennifer Dugan as the witness reasonably prepared to testify regarding non-privileged information responsive to this Topic reasonably known or available to Entrepreneur Enterprises.

Respectfully submitted,

Dated: October 8, 2026

/s/ *Rocco J. Screnci*

Rocco J. Screnci (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

Katherine McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

*Attorneys for Defendants Entrepreneur Enterprises, Inc and Wyn Wiley*

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2026, I caused a true and correct copy of **Defendant's Responses and Objections to Plaintiff's Notice of 30(b)(6) Deposition of Entrepreneur Enterprises, Inc.,** to be served upon all counsel of record via email to the following recipients:

greg.gilchrist@versolaw.com
ryan.bricker@versolaw.com
kourtney.speer@versolaw.com
sophy.tabandeh@versolaw.com
versopattiegonia@verslaw.com

October 8, 2026

/s/ *Annette Vonder Mehden*
Annette Vonder Mehden
Paralegal