# EXHIBIT 42

KATHERINE MCMORROW (Cal. Bar No. 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

ROCCO J. SCRENCI (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc. dba Pattie Gonia Productions and Wyn Wiley*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| PATAGONIA, INC., Plaintiff, v. ENTREPRENEUR ENTERPRISES, INC. et al., Defendants. | Case No. 2:26-cv-0586-RGK-RAO **DEFENDANT'S RESPONSE TO PLAINTIFF PATAGONIA, INC.'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT WYN WILEY (150-162)** |

**DEFENDANT'S RESPONSE TO PLAINTIFF PATAGONIA, INC.'S**
**SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wyn Wiley ("Wiley" or "Defendant") by and through its undersigned attorneys, hereby responds to Plaintiff Patagonia, Inc.'s ("Patagonia" or "Plaintiff") Second Set of Requests for Admission to Defendant ("Patagonia's Requests for Admission"). These responses are based upon the best information presently available to Wiley, and to the best belief of Wiley's counsel, but are made without prejudice to or waiver of any right of Wiley to make additional or modified responses should better or further information and belief subsequently become available to Wiley. Wiley has not yet completed its investigation of the facts pertaining to this action and discovery is ongoing.

**GENERAL OBJECTIONS AND QUALIFICATIONS**

The following General Objections apply to all of Patagonia's Requests for Admission, whether or not specifically repeated in the individual response. To the extent that specific General Objections are cited in response to a specific request, those specific citations should not be construed as a waiver of any other General Objection.

1. Wiley objects to each of Patagonia's Requests for Admission, instructions, and definitions to the extent that it infers or places a duty to provide discovery or a burden to supplement beyond that provided in the Federal Rules of

Civil Procedure, the Central District of California Western Division Local Rules, or any Order of the Court.

2. Any responses made by Wiley to Patagonia's Requests for Admission are made without waiver and with preservation of:

(a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof of evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(b) the right to object to the use of such responses or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(c) the right to object on any ground at any time to a demand or request for further response to these or any other discovery requests or proceedings involved or related to the subject matter of the information/documents provided or the discovery to which these responses are provided; and

(d) the right at any time to review, correct, supplement or clarify any of the responses contained herein or any of Wiley's production.

3. Wiley has not yet completed its investigation of the facts pertaining to this action and discovery is ongoing. All responses to the following Requests for Admission are based on information presently known to Wiley after a reasonable

effort to locate information called for by these requests. Accordingly, all responses are given without prejudice to Wiley's right to produce evidence based on any additional information that may develop or come to Wiley's attention at a later time. In addition, Wiley's objections as set forth herein are made without prejudice to Wiley's right to assert any additional or supplemental objections should Wiley discover additional grounds for such objections.

4. Wiley objects to each Requests for Admission, definition, and instruction to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wiley also objects to each Requests for Admission, definition, and instruction to the extent that it is overly broad, unduly burdensome, indefinite, lacking in reasonable particularity, harassing, and vague or ambiguous in nature.

5. Wiley objects to each Requests for Admission, definition, and instruction to the extent it seeks information protected by any applicable privilege, including without limitation the attorney-client privilege, work product immunity doctrine, or common interest privilege. Wiley objects to the introduction into evidence or use of any privileged information that is revealed or produced inadvertently.

6. By answering Patagonia's Requests for Admission, Wiley does not waive any applicable privilege or immunity.

7. Wiley objects to each Requests for Admission, definition, and instruction to the extent that it seeks information that is proprietary to third parties and subject to a non-disclosure agreement or protective order.

8. Wiley objects to each Requests for Admission, definition, and instruction to the extent it seeks documents beyond representative examples of documents produced en masse or to the extent it seeks more than a single copy of the same document.

9. Wiley objects to each Requests for Admission, definition, and instruction to the extent it seeks documents or purports to require information beyond the possession, custody, or control of Wiley.

10. Wiley objects to each Requests for Admission which seeks the production of "all" documents on grounds that such a request is overly broad, to the extent such discovery is unreasonably cumulative or duplicative, and to the extent such a request imposes an unduly burdensome or expensive obligation on Wiley to search for, gather, and produce documents whose relevancy, if any, is far outweighed by the cost and burden on Wiley.

11. Wiley objects to each Requests for Admission, definition, and instruction to the extent that it calls for a legal conclusion. Production by Wiley of a document shall not be construed to be an admission by Wiley that such document satisfies any particular legal characterization made by these requests.

12. Wiley objects to each Requests for Admission, definition, and instruction to the extent that it requests information unbounded in time.

13. Wiley's statement that it "will produce" documents should not be construed as a statement or concession that such documents do in fact exist. The production of documents or disclosure of information should not be deemed a waiver of any objection Wiley may have with respect to whether any such documents or information is ultimately relevant or admissible. Wiley reserves the right to supplement these responses during the course of discovery. No incidental or implied admissions are intended by the responses contained herein.

14. Wiley objects to each Requests for Admission, definition, and instruction to the extent that it requires Wiley to produce documents and things that comprise the trade secrets, confidential business information, or otherwise protected information from disclosure pursuant to Federal Rules of Civil Procedure 26(c)(7) and Federal Rule of Evidence 501. Subject to Wiley's objections, such information will be provided subject to the protective order entered on Wiley and agreed upon by the parties regarding the treatment of such information, including, but not limited to, a prosecution bar for documents designated Highly Confidential and/or Attorneys Eyes Only, and any additional stipulations or protective orders that may subsequently be agreed upon or entered in this case.

15. Wiley objects to each Requests for Admission, definition, and instruction to the extent that it calls for publicly-available information, including but not limited

to information or papers already exchanged between the parties or filed in connection with this proceeding.

16. Wiley objects to Patagonia's Requests for Admission to the extent that they are framed in terms that Patagonia has not specifically defined or fail to identify with reasonable particularity the information requested. Wiley may not interpret the terms used by Patagonia in the manner that Patagonia intends. Thus, Wiley may not realize or understand what specific information Patagonia believes would fall within the scope of the request, and Wiley will not speculate as to what meaning Patagonia attributes to such terms. In responding to Patagonia's Requests for Admission, Wiley has interpreted the requests as utilizing commonplace meanings for terms included therein. To the extent the requests purport to seek information or documents and things other than as interpreted by Wiley, Wiley objects to such requests as being vague, ambiguous, and overbroad.

17. Wiley objects to Patagonia's definition of "Accused Products" insofar as it attempts to cover products that Patagonia has not specifically accused of infringing the patents-in-suit.

18. The following specific objections and responses are subject to the foregoing general objections and responses (the "General Objections"), and the General Objections are incorporated into each specific response set forth below.

Subject to the foregoing general objections and qualifications, Wiley answers or otherwise objects to Patagonia's Requests for Admission as follows. For

convenience, the language of each Requests for Admission is repeated and is followed by Wiley's response and/or objection.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST NO. 150:**

Admit that YOU were aware of Patagonia Inc.'s PATAGONIA word mark before YOU considered using the PATTIE GONIA MARK.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Admitted.

**REQUEST NO. 151:**

Admit that YOU were aware of Patagonia Inc.'s mountain silhouette and banded sky logo before you used the BANDED SKY DESIGN in any context.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Admitted.

**REQUEST NO. 152:**

Admit that YOUR goods and services are marketed to the general public.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to

this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 153:**

Admit that YOUR goods and services are marketed to the public that is interested in outdoor activities such as hiking, skiing, swimming, running, and mountain climbing.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 154:**

Admit that YOUR goods and services are marketed to the public that is interested in inclusion in outdoor activities.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an

admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 155:**

Admit that YOUR goods and services are marketed to the public that is interested in environmental conservation.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 156:**

Admit that YOUR goods and services are marketed to the public that is interested in solutions to climate change.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 157:**

Admit that YOUR goods and services are marketed to the public that is interested in drag performances.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 158:**

Admit that YOUR goods and services are marketed to the public that is interested in upcycled apparel.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 159:**

Admit that YOUR goods and services are marketed to the public that is interested in equality.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 160:**

Admit that YOUR goods and services are marketed to the public that is interested in the LGBTQ+ community.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 161:**

Admit that YOUR goods and services are marketed to the public that is interested in physical fitness.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

**REQUEST NO. 162:**

Admit that YOUR goods and services are marketed to the public that is interested in promoting good corporate citizenship regarding equality and the environment.

**RESPONSE:**

Subject to and without waiving Wiley's general objections, Wiley responds as follows: Wiley does not market goods or services in his personal capacity relevant to this dispute and therefore denies this Request. To the extent this Request seeks an admission concerning goods or services marketed by Entrepreneur Enterprises, Inc., Wiley refers to Entrepreneur Enterprises' response to the corresponding Request.

Respectfully submitted,

Dated: October 21, 2026

By: /s/ *Rocco J. Screnci*

Rocco J. Screnci (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

Katherine McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

*Attorneys for Defendants Entrepreneur Enterprises, Inc. and Wyn Wiley*

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I caused a true and correct copy of **Defendant's Response to Plaintiff Patagonia, Inc.'s Second Set of Requests for Admission to Defendant Wyn Wiley Nos. 150-162,** to be served upon all counsel of record via email to the following recipients:

greg.gilchrist@versolaw.com
ryan.bricker@versolaw.com
kourtney.speer@versolaw.com
sophy.tabandeh@versolaw.com
patagonia@versolaw.com

October 21, 2026

/s/ *Annette Vonder Mehden*
Annette Vonder Mehden
Paralegal