# EXHIBIT 44

| **Goods and Services** | **Trademark Application** | **Original Interrogatory Response** | **First Suppl. Interrogatory Response** | **Second Suppl. Interrogatory Response** |
|---|---|---|---|---|
| T-shirts and sweatshirts | 06/12/2019 | 10/03/2018 | 10/03/2018* | 9/18/2024 |
| Stickers | 06/12/2019 | 10/03/2018 | 12/2020** | 03/2025 |
| Recorded music | 06/12/2019 | 10/03/2018 | 10/03/2018* | 09/28/2023 |
| Promoting and marketing goods of others | 06/12/2019 | 10/03/2018 | 06/12/2019 | 06/12/2019 |
| Education and entertainment services | 06/12/2019 | 10/03/2018 | ? | 01/2019 |
| Live music | 06/12/2019 | 10/03/2018 | 04/2023 | 02/18/2019 |
| Drag shows | 06/12/2019 | 10/03/2018 | 01/28/2020 or 04/2023 | 02/18/2019 |
| Recreational and sporting events | 06/12/2019 | 10/03/2018 | ? | 11/03/2019 |

*PattieGonia’s First Supplemental Response to Interrogatory No. 2 does not change the original response.

** By incorporation of PattieGonia’s First Supplemental Response to Interrogatory No. 3

KATHERINE MCMORROW (Cal. Bar No. 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

ROCCO J. SCRENCI (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

*Attorneys for Defendants*
*Entrepreneur Enterprises, Inc. dba Pattie Gonia*
*Productions and Wyn Wiley*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| PATAGONIA, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:26-cv-0586-RGK-RAO |
| ENTREPRENEUR ENTERPRISES, INC. et al., | ) |
| Defendants. | ) **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF PATAGONIA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT WYN WILEY NOS. 2, 14** |

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF PATAGONIA, INC.'S FIRST SET OF INTERROGATORIES TO <u>DEFENDANT WYN WILEY (NOS. 2, 14)</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Wyn Wiley ("Wiley" or "Defendant") by and through its undersigned attorneys, hereby provides supplemental objections and responses to Plaintiff Patagonia, Inc.'s ("Patagonia" or "Plaintiff") First Set of Interrogatories to Defendant Wyn Wiley ("Patagonia's Interrogatories").

## <u>GENERAL OBJECTIONS AND QUALIFICATIONS</u>

The following General Objections apply to all of Patagonia's Interrogatories, whether or not specifically repeated in the individual response. To the extent that specific General Objections are cited in response to a specific request, those specific citations should not be construed as a waiver of any other General Objection.

1. These responses are based upon the best information presently available to Wiley, and to the best belief of Wiley's counsel, but are made without prejudice to or waiver of any right of Wiley to make additional or modified responses should better or further information and belief subsequently become available to Wiley. Wiley has not yet completed its investigation of the facts pertaining to this action and discovery is ongoing.

2. Wiley objects to each of Patagonia's Interrogatories, instructions, and definitions to the extent that it infers or places a duty to provide discovery or a burden to supplement beyond that provided in the Federal Rules of Civil Procedure, the Central District of California Western Division Local Rules, or any Order of the Court.

3. Any responses made by Wiley to Patagonia's Interrogatories are made without waiver and with preservation of:

(a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof of

evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(b) the right to object to the use of such responses or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(c) the right to object on any ground at any time to a demand or request for further response to these or any other discovery requests or proceedings involved or related to the subject matter of the information/documents provided or the discovery to which these responses are provided; and

(d) the right at any time to review, correct, supplement or clarify any of the responses contained herein or any of Wiley's production.

4. Wiley has not yet completed its investigation of the facts pertaining to this action and discovery is ongoing. All responses to the following Interrogatories are based on information presently known to Wiley after a reasonable effort to locate information called for by these requests. Accordingly, all responses are given without prejudice to Wiley's right to produce evidence based on any additional information that may develop or come to Wiley's attention at a later time. In addition, Wiley's objections as set forth herein are made without prejudice to Wiley's right to assert any additional or supplemental objections should Wiley discover additional grounds for such objections.

5. Wiley objects to each Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wiley also objects to each Interrogatory, definition, and instruction to the extent that it is overly broad, unduly burdensome, indefinite, lacking in reasonable particularity, harassing, and vague or ambiguous in nature.

6. Wiley objects to each Interrogatory, definition, and instruction to the extent it seeks information protected by any applicable privilege, including without limitation the attorney-client privilege, work product immunity doctrine, or common interest privilege. Wiley objects to the introduction into evidence or use of any privileged information that is revealed or produced inadvertently.

7. By answering Patagonia's Interrogatories, Wiley does not waive any applicable privilege or immunity.

8. Wiley objects to each Interrogatory, definition, and instruction to the extent that it seeks information that is proprietary to third parties and subject to a non-disclosure agreement or protective order.

9. Wiley objects to each Interrogatory, definition, and instruction to the extent it seeks documents beyond representative examples of documents produced en masse or to the extent it seeks more than a single copy of the same document.

10. Wiley objects to each Interrogatory, definition, and instruction to the extent it seeks documents or purports to require information beyond the possession, custody, or control of any person or entity other than Wiley.

11. Wiley objects to each Interrogatory which seeks the production of "all" documents on grounds that such a request is overly broad, to the extent such discovery is unreasonably cumulative or duplicative, and to the extent such a request imposes an unduly burdensome or expensive obligation on Wiley to search for, gather, and produce documents whose relevancy, if any, is far outweighed by the cost and burden on Wiley.

12. Wiley objects to each Interrogatory, definition, and instruction to the extent that it calls for a legal conclusion. Production by Wiley of a document shall not be construed to be an admission by Wiley that such document satisfies any particular legal characterization made by these requests.

13. Wiley objects to each Interrogatory, definition, and instruction to the extent that it requests information unbounded in time.

14. Wiley's statement that it "will produce" documents should not be construed as a statement or concession that such documents do in fact exist. The production of documents or disclosure of information should not be deemed a waiver of any objection Wiley may have with respect to whether any such documents or information is ultimately relevant or admissible. Wiley reserves the right to supplement these responses during the course of discovery. No incidental or implied admissions are intended by the responses contained herein.

15. Wiley objects to each Interrogatory, definition, and instruction to the extent that it requires Wiley to produce documents and things that comprise the trade secrets, confidential business information, or otherwise protected information from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7) and Federal Rule of Evidence 501. Subject to Wiley's objections, such information will be provided subject to the protective order entered on Wiley and agreed upon by the parties regarding the treatment of such information, including, but not limited to, a prosecution bar for documents designated Highly Confidential and/or Attorneys Eyes Only, and any additional stipulations or protective orders that may subsequently be agreed upon or entered in this case.

16. Wiley objects to each Interrogatory, definition, and instruction to the extent that it calls for publicly-available information, including but not limited to information or papers already exchanged between the parties or filed in connection with this proceeding.

17. Wiley objects to Patagonia's Interrogatories to the extent that they are framed in terms that Patagonia has not specifically defined or fail to identify with reasonable particularity the information requested. Wiley may not interpret the terms used by Patagonia in the manner that Patagonia intends. Thus, Wiley may not realize or understand what specific information Patagonia believes would fall within the scope of the request, and Wiley will not speculate as to what meaning Patagonia attributes to such terms. In responding to Patagonia's Interrogatories, Wiley has

interpreted the requests as utilizing commonplace meanings for terms included therein. To the extent the requests purport to seek information or documents and things other than as interpreted by Wiley, Wiley objects to such requests as being vague, ambiguous, and overbroad.

18. Wiley objects to Patagonia's definition of "BANDED SKY DESIGN" insofar as it equates the images associated with the "BANDED SKY DESIGN" to uses of Patagonia's logo and/or marks.

19. The following specific objections and responses are subject to the foregoing general objections and responses (the "General Objections"). And the General Objections are incorporated into each specific response set forth below.

Subject to the foregoing general objections and qualifications, Wiley answers or otherwise objects to Patagonia's Interrogatories as follows. For convenience, the language of each Interrogatory is repeated and is followed by Wiley's response and/or objection.

## INTERROGATORIES

**INTERROGATORY NO. 2:**

IDENTIFY and DESCRIBE each good and service on which YOU have used PATTIE GONIA as a TRADEMARK in U.S. commerce and state the DATE when YOU first used the MARK on each good and service.

**ANSWER TO INTERROGATORY 2:**

Wiley objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Wiley further objects to this Interrogatory as vague and ambiguous in that the term "used" is undefined and leaves uncertain what would qualify. Subject to and without waiving the General Objections or the foregoing objections, Wiley responds that it commenced use of its PATTIE GONIA Trademark with Serial No.99/404,728: for stickers, decals, and printed posters on or about 10/03/2018; for t-shirts and sweatshirts on or about 10/03/2018; for on-line advertising and marketing

services, promoting and marketing goods and services of others by means of endorsements and social media marketing, and promoting public awareness of environmental sustainability and LGBTQIA2S+ equality on or about 10/03/2018; for entertaining entertainment services in the nature of live musical performances, organization of entertainment events in the nature of drag shows, conducting of entertainment events in the nature of drag shows, entertainment services in the nature of live visual and audio performances by a drag artist, entertainment services, namely, personal appearances by a drag artist, educational and entertainment services, namely, providing motivational speaking services in the field of equality and environmentalism, organizing community sporting and cultural events, and organizing, arranging, and conducting trail and hiking events on or about 10/03/2018.

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY 2:**

Wiley incorporates each of his general objections by reference. Subject to and without waiving the foregoing objections, Defendants have used the PATTIE GONIA Trademark with the goods and services described in Attachment A since at least the dates set forth therein. Wiley further cites the following documents pursuant to Federal Rule of Civil Procedure 33(d): PGP_0047916; PGP_0000952- PGP_0000955; PGP_0000962; PGP_0047897-PGP_0047900.

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY 2:**

Subject to and without waiving the General Objections or the foregoing objections, Wiley responds that he commenced use of "Pattie Gonia" in connection with the goods and services identified in the trademark application Serial No.99/404,728 as follows: for t-shirts and sweatshirts on or about 9/18/2024; for recorded music available for download on or about 9/28/2023; for stickers around March 2025; for promoting and marketing goods and services of others by means of endorsements and social media marketing on or about 6/12/2019; for educational and entertainment services, namely, providing motivational speaking services in the field of equality and environmentalism around January 2019; for entertainment services in the nature of live musical

performances, organization of entertainment events in the nature of drag shows, conducting of entertainment events in the nature of drag shows, and live visual and audio performances by a drag artist on or about 2/18/2019; for educational and entertainment services, namely, organizing community sporting and cultural events and organizing, arranging, and conducting trail and hiking events on or about 11/3/2019.

Wiley further refers to the Second Supplemental Attachment A.

**INTERROGATORY NO. 14:**

IDENTIFY each social media post, speech, article, web page, letter or other public reference in which YOU referred to the region of Patagonia in South America in connection with the PATTIE GONIA name.

**ANSWER TO INTERROGATORY 14:**

Wiley objects to the Interrogatory as overly broad and unduly burdensome, including because it requests the identity of "each" social media post, speech, article, web page, letter or other public reference. Wiley also objects to the Interrogatory as seeking information with minimal probative value. Wiley objects to this request as overly broad and unduly burdensome insofar as it seeks information equally accessible to Patagonia, especially given the fact that Patagonia has conducted as seemingly comprehensive audit of Defendants' social media, as evidenced by the Complaint and Patagonia's Exhibits 1-78 to the First Set of Requests for Admission.

Subject to and without waiving the foregoing general and specific objections, Wiley responds that Wiley will identify documents pursuant to Federal Rule of Civil Procedure 33(d) in due course, as documents are gathered, collected, and produced.

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY 14:**

Wiley incorporates each of his general objections by reference. Subject to and without waiving the foregoing objections, following a reasonable search, all non-privileged responsive documents in Defendants' custody, possession, and/or control will have been produced in response to one or more preceding requests or in

Patagonia's ESI searches. Wiley cites the following documents pursuant to Federal Rule of Civil Procedure 33(d): PGP_000001, PGP_0047866, PGP_0047880, PGP_0047885.

# VERIFICATION

I, Wyn Wiley, have read the foregoing responses and declare that, based on reasonable inquiry, the facts set forth in the objections and responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

October 26, 2026



Wyn Wiley

Respectfully submitted,

Dated: October 27, 2026

By: /s/ *Rocco J. Screnci*

Rocco J. Screnci (*admitted pro hac vice*)
rscrenci@mcandrews-ip.com
MCANDREWS, HELD & MALLOY LTD.
500 W. Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000

Katherine McMorrow (SBN 315723)
kmcmorrow@bakerlaw.com
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 820-8800

*Attorneys for Defendants Entrepreneur Enterprises, Inc. and Wyn Wiley*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, I caused a true and correct copy of **Defendant's Second Supplemental Response to Plaintiff Patagonia, Inc.'s First Set of Interrogatories to Defendant Wyn Wiley Nos. 2, 14** to be served upon all counsel of record via email to the following recipients:

greg.gilchrist@versolaw.com
ryan.bricker@versolaw.com
kourtney.speer@versolaw.com
sophy.tabandeh@versolaw.com
patagonia@versolaw.com

October 27, 2026

/s/ *Annette Vonder Mehden*
Annette Vonder Mehden
Paralegal